KENNEDY, Justice.
This is an appeal from a judgment of the Circuit Court for Marshall County dismissing the complaint for failure to state an actionable claim for relief. See Rule 12(b)(6), A.R.Civ.P.
The sole issue raised by the plaintiffs on appeal is whether the trial court erred in ruling on the defendants’ motion to dismiss, which the plaintiffs say was accompanied by matters outside the pleading, without treating the motion as one for summary judgment. See Rule 12(b) and Rule 56, A.R.Civ.P. Plaintiffs do not argue on appeal that dismissal of the complaint was otherwise improper; their argument addresses the issue of procedural error only.
The plaintiffs’ complaint alleged that defendant John Woods, acting as the chief executive officer of defendant AmSouth Bank, N.A., issued a public statement appearing in the November 16, 1987, edition of the Huntsville Times newspaper and stating, in effect, that the price of Am-South Bank stock was too high. Plaintiffs alleged that the statement was made recklessly or wantonly and deliberately in disregard of the property rights of the shareholders of AmSouth Bank. Plaintiffs claimed that Woods’s statement was made to have an effect on a merger takeover in interstate banking and that the statement resulted in a great reduction in the value of the plaintiffs’ shares, which was to the benefit of the defendants.
The defendants’ motion to dismiss the complaint asserted, inter alia, that the complaint failed to state a claim upon which relief can be granted. Prior to the hearing on the motion to dismiss, the defendants filed an affidavit and a brief in support of the motion.
At the hearing, the trial court agreed, at defendants’ request, to consider only those issues raised in the motion that were directed to dismissal pursuant to Rule 12(b)(6), A.R.Civ.P.
The trial court dismissed the complaint for failure to state an actionable claim for relief. The plaintiffs filed a motion to set aside the judgment and filed a memorandum arguing that the court should have treated the motion to dismiss as a motion for summary judgment.
The trial court entered a second order, denying the motion to set aside the judgment, and stated further:
“The Court’s consideration of the defendants’ Motion to Dismiss was limited, *471 pursuant to the request of defendants’ counsel, solely to those issues raised in the motion that were directed to dismissal pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure. This Court did not consider any matters outside the pleadings and, thus, the requirements of Rule 56 do not apply.”
The trial court did not err in dismissing the complaint under Rule 12(b) and (c), A.R.Civ.P. The trial court specifically stated that it did not consider any matters outside the pleading. Therefore, because the matters presented by the defendants outside the pleading were excluded, we find no procedural error in not treating the motion as one for summary judgment. There is no indication that the trial court considered any matters outside the pleading in making its determination on the Rule 12(b)(6) motion. See Sims v. Lewis, 374 So.2d 298 (Ala.1979).
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and STEAGALL, JJ., concur.