CRAWLEY, Judge.
In July 1995, Vivian Garner sued JMIC Life Insurance Company, Inc.; Fidelity Warranty Services, Inc.; Gulf Coast Motor Sales Inc., d/b/a Palmer’s Airport Toyota; Stacy Hill; and several fictitiously named defendants. She alleged that Hill, while acting as an agent of JMIC and of Palmer’s Airport Toyota, an automobile dealership, sold her a credit disability insurance policy without her knowledge or consent. She further alleged that Hill, while acting as an agent of Fidelity Warranty and Palmer’s Airport Toyota, sold her an extended warranty service contract without her knowledge or consent. She requested compensatory and punitive damages. All the defendants filed motions for summary judgment, which the' trial court granted. Garner appealed to the supreme court, which transferred the case to this court pursuant to Ála.Code 1975, § 12-2-7(6).
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of this rule.
“The elements of a claim of fraudulent suppression of material fact are: (1) the suppression of a material fact (2) that the defendant was under a duty to communicate (3) because of a confidential relationship between the parties or the circumstances of the case and (4) which caused injury as a proximate consequence.”
Applin v. Consumers Life Ins. Co., 623 So.2d 1094, 1098 (Ala.1993), overruled on other grounds, Boswell v. Liberty Nat’l Life Ins. Co., 643 So.2d 580 (Ala.1994). The defen *479 dants made a prima facie showing that there were no issues of material fact as to each element of Garner’s fraudulent suppression claim.
Garner testified that she purchased an automobile from Palmer’s Airport Toyota in 1994. She testified that she did not ask for a credit disability insurance policy or an extended warranty when she purchased the automobile; however, it is undisputed that Garner’s signature appears on documents stating that she did purchase these items. Garner contends that Stacy Hill, the finance and insurance manager for Palmer’s Airport Toyota, sold her these items without her knowledge or consent. Hill denies that he included the policy and the warranty as a part of the sale without Garner’s knowledge.
We conclude that Garner presented no substantial evidence that Hill suppressed the fact that the purchase of the credit disability insurance policy and the extended warranty were being included as part of the sales transaction. The defendants contend that no material fact was suppressed from Garner, because the sales contract contained several references to Garner’s purchase of the policy and the warranty, and that Garner signed documents stating that she had knowledge that she was purchasing these items. We agree with the defendants.
In Henson v. Celtic Life Ins. Co., 621 So.2d 1268 (Ala.1993), our supreme court affirmed a summary judgment on Henson’s suppression claim where Henson alleged that the insurance agent had suppressed the fact that employment was a condition precedent to coverage under the policy. The court noted that the first page of the policy contained 32 references to employment; it held, therefore, that Henson had sufficient knowledge of the requirement of employment and had no claim for suppression of that fact. We find those facts to be analogous to the facts in this ease. The first page of the sales contract included the $1,128.95 “Cost of Optional Credit Insurance.” That page also includes Garner’s signature under the statement “APPROVAL: YOU WANT TO OBTAIN THE OPTIONAL CREDIT INSURANCE COVERAGE(S) CHECKED ABOVE.” The page further included the $995.00 “Cost of Optional Mechanical Breakdown Protection,” and Garner’s signature under the statement “APPROVAL: YOU WANT TO OBTAIN THE OPTIONAL MECHANICAL BREAKDOWN PROTECTION DESCRIBED ABOVE.” We conclude that the sales contract put Garner on notice that she was purchasing the policy and the warranty, and that Hill’s failure to inform her that she was purchasing those items was not a fraudulent suppression. Therefore, we affirm the summary judgment.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.