[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 724 
J.R. Bland Wilson appeals from a judgment dismissing, pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure, his individual and class claims of fraudulent misrepresentation and fraudulent concealment against First Union National Bank of Georgia, First Union National Bank, and First Card Products (hereinafter collectively referred to as "First Union"). We affirm.
Wilson, acting on his own behalf and on behalf of an alleged class of similarly situated persons, filed a civil action in the Jefferson County Circuit Court against First Union, asserting claims of fraudulent misrepresentation and fraudulent concealment arising from alleged misstatements in and omissions from a solicitation letter inviting Wilson to apply for a First Union Visa Gold credit card. Wilson's complaint alleged, among other things, that First Union's solicitation letter stated that he would "[e]njoy a fixed 5.9 [per cent] APR [annual percentage rate] on purchases until next year"; that the back side of this letter had stated terms and conditions; and that the back of the letter had also stated that a First Union Visa Gold card could be used to obtain "cash at most banks and automatic teller machines." A photocopy of the lower portion of the front side of this letter was attached as an exhibit to the complaint; the top portion of the letter was not attached because it contained the application form Wilson had completed and sent to First Union.
Wilson's complaint further alleged that he had received a second mailing from First Union containing credit line access checks that stated "no check fees" and "5.9% APR", as well as a letter stating that there would be "no per check fees" and that "every check you write comes with the same low 5.9% APR you already enjoy." The letter also allegedly invited Wilson to "pay off [his] higher rate credit cards" with the checks and purportedly stated that Wilson could also "write a check to [himself]," "pay tuition," or "give one as a gift."
According to Wilson's complaint, he obtained a $5,500 cash advance from a Birmingham bank. However, he claims that First Union assessed him a $29.50 cash advance fee on this transaction, as well as a finance charge of $90.75, representing a finance charge interest rate of 19.8 per cent per annum. Wilson's complaint alleges that First Union's mailings constituted representations that if he used his First Union Visa Gold credit card, he would be assessed only an interest rate of 5.9 per cent per annum; in addition, he alleges that First Union suppressed the fact that if he obtained a cash advance from a bank he would be subject to higher finance charges.
First Union filed a notice of removal of the case to the United States District Court for the Northern District of Alabama. While the case was in the federal court, First Union moved for dismissal for failure to state a claim upon which relief could be granted, and filed a memorandum in support of its motion. Attached to this memorandum was an affidavit of an officer of First Union National Bank of Georgia that contained several exhibits, one of which was a copy of the application form completed by Wilson that had been attached to the top of the solicitation letter in the first mailing received by Wilson. Wilson contended that the affidavit and its exhibits were matters outside the pleadings that could not be considered without converting the motion to one for a summary judgment. However, the federal court did not rule on First Union's motion to dismiss, but remanded the case to the Jefferson County Circuit Court. *Page 725 
After remand, First Union filed a supplemental motion to dismiss, incorporating its previous motion and memorandum that it had filed in the federal court. First Union again attached the application form to this supplemental motion, contending that the trial court could examine this document in considering whether to dismiss the case, without converting the motion to one for a summary judgment. The trial court held a hearing on the motion and entered a judgment on the case action summary sheet that reads, in pertinent part:
 "The Supplemental motion to dismiss . . . is GRANTED. In this ruling, the Court only considered the language in the documents attached to the complaint and the reverse side of the form which was supplied by the Defendant."
Wilson appealed to this court, which has jurisdiction based upon his stipulation in his notice of appeal that the amount in controversy is $50,000 or less. Ala. Code 1975, § 12-3-10; seeKirk v. Griffin, 667 So.2d 1378, 1380 (Ala.Civ.App. 1995) (finding jurisdiction based upon statement of amount in controversy in notice of appeal).
 Whether the application form was "outside the pleadings"
Wilson first contends that the trial court erred in failing either to (1) exclude matters outside the pleadings or (2) convert the motion to one for a summary judgment, which would have been, in his view, premature because discovery had not yet taken place. "With respect to both motions to dismiss and motions for judgment on the pleadings, the trial court is vested with discretion to choose whether or not to consider materials outside the pleadings submitted in support of such motions." Harden v. Ritter, 710 So.2d 1254
(Ala.Civ.App. 1997); see also Lusk v. Woods, 541 So.2d 470, 471
(Ala. 1989) (affirming dismissal where matters outside pleadings were submitted to trial court, but were expressly excluded). However, Rule 12(b) states:
 "If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
(Emphasis added.) Thus, if the trial court does not exclude matters submitted "outside the pleading," it must afford the nonmoving party all of the procedural safeguards set forth in Rule 56, Ala.R.Civ.P., which pertains to summary judgment.See generally Graveman v. Wind Drift Owners' Ass'n,607 So.2d 199, 202 (Ala. 1992).
However, the trial court's judgment indicates that in entering the judgment, the trial court considered only the documents attached to the complaint (which included the front side of the solicitation letter sent to Wilson in the first mailing), with the sole exception of the back of Wilson's application form, which was originally attached to the letter but was not attached to the complaint. Of course, the trial court could properly consider the front side of the letter sent to Wilson, which was an exhibit to the complaint, in determining whether the complaint stated a valid claim.See Rule 10(c), Ala. R. Civ. P. ("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes"); McCullough v. Alabama by Prods. Corp.,343 So.2d 508, 510 (Ala. 1977) ("[u]nder Alabama law, an exhibit attached to a pleading is not only a part of it, but, in case of a variance between the allegations of the pleading and the exhibit attached thereto, the contents of the exhibit control"). Similarly, the trial court had the discretion to exclude from its consideration the bulk of the materials submitted by First Union in determining whether to grant or to deny the motion to dismiss. See Harden, supra, 710 So.2d at 1255 (motion for judgment on pleadings not converted to summary judgment motion when matters outside pleadings were explicitly excluded by the trial court); Lusk, 541 So.2d at 471 (same). Thus, of the materials considered by the trial court, the only matter potentially outside the pleadings was a copy of the reverse side of the application form formerly attached to the letter, which was completed and mailed by Wilson and was *Page 726 
supplied by First Union in support of its motion to dismiss.
In this case, Wilson's misrepresentation and suppression claims are based upon statements made in a portion of a written document mailed by First Union and referenced in Wilson's complaint. While Wilson's complaint states that a copy of "[t]his letter is attached as Exhibit A" to the complaint, the attached exhibit represents only that part of the entire letter that Wilson retained after he mailed the attached credit card application form; because Wilson sent the form to First Union, he could not attach it to the complaint. The front side of the lower portion of the letter attached to the complaint directs the reader to "[p]lease see reverse side for full details" of the 5.9 per cent interest rate offer, and to "[r]emove this sticker and place it on the form above to claim your no-annual-fee Visa Gold card" (emphasis added). In addition, Exhibit A bears a handwritten notation reading "SENT 7-9-96," and the second mailing from First Union (also attached to the complaint) lists a credit card account number for Wilson, both indicating that the application form that was originally a part of the first letter had been detached and completed.
Alabama cases are silent concerning whether a portion of a document made the basis of a pleader's claim, or an omitted portion of an exhibit incorporated into a pleading, may be considered by a trial court without converting a motion to dismiss for failure to state a claim. However, "since the Alabama Rules of Civil Procedure are modeled on the Federal Rules of Civil Procedure, federal decisions are highly persuasive when we are called upon to construe the Alabama rules." McBrayer v. Hokes Bluff Auto Parts, 685 So.2d 763, 765
(Ala.Civ.App. 1996) (quoting City of Birmingham v. City ofFairfield, 396 So.2d 692, 696 (Ala. 1981)).
A number of federal appellate courts construing the analogous provisions of Rule 12(b), Fed.R.Civ.P., have concluded that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v.Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384-85
(10th Cir. 1997) (citing authorities from the First, Second, Third, Fourth, Sixth, Ninth, and Eleventh Circuits); see alsoWright v. Associated Ins. Cos., 29 F.3d 1244, 1248 (7th Cir. 1994) (documents attached to a motion to dismiss are considered part of the pleadings if referred to in plaintiff's complaint and are central to his or her claim); Cortec Indus.v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991) (stock-offering memorandum and purchase agreement properly considered on motion to dismiss securities fraud action), cert.denied, 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992). "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." GFFCorp., 130 F.3d at 1385.
In this case, the application form attached to the motion to dismiss was a component of the letter that Wilson contends was fraudulent. Under Alabama law, "statements comprising the alleged misrepresentations 'must be viewed in their entirety to adequately resolve the question of whether a misrepresentation has occurred.' " Benton v. Paul Revere Life Ins. Co.,858 F. Supp. 1112, 1115 (M.D. Ala. 1994) (quoting Utah Foam Prods., Inc.v. Polytec, Inc., 584 So.2d 1345, 1351 (Ala. 1991)). In light of the authorities discussed above, we agree with First Union that the application form, which Wilson has not disputed was a portion of the letter enclosed in the first mailing, was properly considered by the trial court in ruling on First Union's motion to dismiss under Rule 12(b)(6), Ala.R.Civ.P. Thus, the trial court's consideration of this form did not require conversion of the motion into one for a summary judgment.
 Whether Wilson's complaint stated a fraud claim
Wilson also contends that when all matters outside the pleadings are excluded, his complaint states a claim upon which relief can be *Page 727 
granted under Alabama law,[1] and that the trial court erroneously ruled to the contrary. The standard of review of the grant of a motion to dismiss pursuant to Rule 12(b)(6) was set out inNance v. Matthews, 622 So.2d 297, 299 (Ala. 1993):
 "On appeal, a dismissal is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So.2d 928, 930 (Ala. 1981); Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771, 772
(Ala.Civ.App. 1989). The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641
(Ala. 1985); Hill v. Falletta, 589 So.2d 746
(Ala.Civ.App. 1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala. 1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala. 1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala. 1986)."
To prevail on his misrepresentation claim, Wilson is required to demonstrate "1) a misrepresentation of material fact, 2) made willfully to deceive, recklessly, without knowledge, or mistakenly, 3) which was justifiably relied on by the plaintiff under the circumstances, and 4) which caused damage as a proximate consequence." Foremost Ins. Co. v. Parham,693 So.2d 409, 422 (Ala. 1997) (citing Ala. Code 1975, § 6-5-101). In this case, Wilson has asserted that First Union's solicitation letter and subsequent mailing represented that any use of the Visa Gold credit card would result in the assessment of interest at the rate of 5.9 per cent per annum, and that he was instead assessed interest at the rate of 19.8 per cent per annum plus a cash advance fee.
However, we note that the front side of the letter specifically states that the 5.9 per cent annual percentage rate is "on purchases," not advances of cash, and is expressly subject to the terms on the reverse side. Additionally, the reverse side of the application form portion of the letter, which was detached and completed by Wilson, contained the statement: "Your Annual Percentage Rate for Cash Advances is fixed at 19.8%". A maximum cash advance fee of $29.50 was also disclosed. To the extent that the terms of the solicitation letter contradict those in the body of Wilson's complaint, the letter controls. See McCullough, supra, 343 So.2d at 510.
Under these circumstances, we cannot hold that the trial court erred in deciding that Wilson's complaint failed to state a claim of fraudulent misrepresentation. Considering the entirety of the mailings sent to Wilson, as we must (seeBenton, supra, 858 F. Supp. at 1115), we conclude that First Union made no representation to Wilson that it would assess a 5.9 per cent per annum interest rate on a cash advance, but, to the contrary, represented that a cash advance would be subject to a higher rate and to a separate transaction fee. As a result, Wilson cannot demonstrate the requisite element of amis representation of a material fact, and, as to this claim, the trial judge correctly dismissed the action.
Wilson's complaint also alleges that First Union suppressed the fact that it would assess the 19.8 per cent interest rate, plus the $29.50 transaction fee, upon Wilson's cash advance. We note that "[t]he elements of a claim of fraudulent suppression of material fact are: (1) the suppression of a material fact (2) that the defendant was under a duty to communicate (3) because of a confidential relationship between the parties or the circumstances of the case and (4) which caused injury as a proximate consequence." Applin v. Consumers Life Ins. Co.,623 So.2d 1094, 1098 (Ala. 1993), overruled on other *Page 728 grounds, Boswell v. Liberty Nat'l Life Ins. Co., 643 So.2d 580
(Ala. 1994).
Wilson was sent a letter that contained the terms and conditions pertaining to interest rates and fees; we have previously described that letter. Wilson acted upon that letter and sent the attached form back to First Union bearing his signature, indicating his assent to the terms in the letter. We conclude that the letter in First Union's first mailing placed Wilson on notice that cash advances from his Visa Gold credit card would be subject to a 19.8 per cent interest rate and a $29.50 maximum finance charge, and that First Union, as a matter of law, did not suppress these facts. See Garner v. JMICLife Ins. Co., 693 So.2d 478, 479 (Ala.Civ.App. 1997) (sales contract acted upon by purchaser put purchaser on notice of purchase of credit insurance and breakdown protection insurance; citing Henson v. Celtic Life Ins. Co.,621 So.2d 1268 (Ala. 1993)).
 Conclusion
Based upon the facts and authorities set forth in this opinion, we conclude that the trial court correctly dismissed Wilson's claims. Therefore, we affirm its judgment of dismissal.
AFFIRMED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., recuses.
[1] Although all of the defendants are identified as being foreign corporations, neither Wilson nor First Union contends on appeal that Alabama law does not apply.