MADDOX, Retired Justice.
This is a wrongful-death action filed against Mobile County, the City of Mobile, and others by Dana Carpenter, the admin-istratrix of the estate of a deceased prisoner of the City of Mobile, who died detained in the Mobile Metro Jail, a jail facility constructed and maintained jointly by the City of Mobile and Mobile County pursuant to the terms of an “Agreement Concerning Joint Jail Facility” (“the agreement”). The agreement was executed by Mobile County, the sheriff of Mobile County, and the City of Mobile.
The sole question presented on this appeal is whether Mobile County can be held legally responsible for the death of a prisoner of the City under the provisions of the agreement, which was attached to plaintiffs complaint, on the ground that Mobile County, in executing the agreement, assumed a duty it did not have to assume under the laws of the State of Alabama. The trial judge granted Mobile County’s Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss on the ground that Mobile County, by executing the agreement, did not assume a duty, and the court made the judgment final pursuant to the provi *1238 sions of Rule 64(b), Ala. R. Civ. P. Carpenter appealed. We reverse and remand.
Before the agreement was executed, both the City of Mobile and Mobile County operated separate jail facilities. After the agreement was executed and after the joint jail facility was built, both the City of Mobile and Mobile County used the newly built facility, which was called the Mobile Metro Jail.
The agreement that is the center of the controversy in this case provided for the construction of the new facility and, among other things, provided that the City of Mobile and Mobile County would share the costs of operating the facility. The section of the. agreement that is pertinent to the present controversy is section “E” entitled “Responsibility of County.” That section reads, in part, as follows:
“1. The County agrees to accept and provide for the secure custody, care and safekeeping of City prisoners in accordance with laws, standards, policies, procedures or court orders applicable to the operations of the joint jail facility.”
Carpenter, although admitting that under State law Mobile County could not be held responsible for the death of a City prisoner, nevertheless claims that the County assumed a duty under the above-quoted provision that it otherwise would not have had had it not executed the agreement.

Facts and Procedural History

Carpenter is the administratrix of the estate of James Carpenter, who, at the time of his death, was a “City detainee” in the Mobile Metro Jail.
Carpenter, in her capacity as the representative of James Carpenter’s estate, sued Mobile County, the City of Mobile, and others seeking damages for James Carpenter’s alleged wrongful death. In her complaint, she alleged:
“10. On July 12, 2000, City of Mobile police officers arrested plaintiffs decedent, James Carpenter, on misdemeanor charges.
“11. City of Mobile police officers took Carpenter to the Mobile Metro Jail where, pursuant to and upon the City’s authority, Mr. Carpenter, as a ‘City detainee,’ was detained pending his trial on the misdemeanor charges ... from July 12, 2000, until his death in the Mobile Metro Jail on or about July 28, 2000.
“12. While James Carpenter was a ‘City detainee’ at the Mobile Metro Jail between July 12 and July 28, 2000, personnel at the Mobile Metro Jail placed handcuffs and leg irons around James Carpenter’s wrists and ankles in such a manner that they cut or abraded his wrists and ankles thereby causing serious and life threatening infections at the sites of the open, festering wounds or sores caused by these cuts and abrasions.
“13. These infections, which were not promptly observed or treated, but were allowed to progress unchecked, caused the death of James Carpenter.”
In Carpenter’s third claim for relief, which was her attempt to impose liability on Mobile County, she alleged that “[u]n-der the Jail Agreement, Mobile County undertook the duty and responsibility to ‘provide for the secure custody, care and safekeeping’ of James Carpenter, a ‘City detainee,’ ” and that “Mobile County negligently breached these duties,” and that “[a]s a direct and proximate result of the negligent breach of this duty by Mobile County, James Carpenter suffered grave and serious personal injuries from which he died.” Carpenter attached a copy of the agreement to the complaint.
On June 21, 2001, Mobile County filed a motion to dismiss, pursuant to Rule 12(b)(6), Ala. R. Civ. P. Carpenter filed a *1239 response to the motion, and on August 24, 2001, the trial judge conducted a hearing on the motion. On September 5, 2001, the trial court granted the motion to dismiss. On September 19, 2001, Carpenter filed a motion to reconsider the dismissal, and subsequently, on October 10, 2001, filed a supplemental submission in support of the motion. In her supplemental submission, she attached various documents, including a document containing the standard operating procedures for the Mobile Metro Jail, which had been produced in discovery. She also attached a publication entitled “Standards for Adult Local Detention Facilities,” published by the American Correctional Association. After hearing oral arguments of counsel, the trial court denied the motion to reconsider on October 12, 2001.[1] Carpenter appealed.

Standard of Review

Both parties agree as to the proper standard for review of a trial court’s ruling on a Rule 12(b)(6) motion to dismiss — a trial court should not dismiss a claim unless it appears that a plaintiff can prove no set of facts in support of the claims stated in the complaint that would entitle the plaintiff to relief under some cognizable theory of law. See Rice v. United Ins. Co. of America, 465 So.2d 1100 (Ala.1984). Both parties also agree that, on appeal, this Court should review the ruling below in a light most favorable to the plaintiff and must resolve all reasonable doubts in the plaintiffs favor. Thermal Components, Inc. v. Golden, 716 So.2d 1166 (Ala.1998).[2]

Analysis

In this case, Carpenter alleged in her complaint that “Mobile County undertook the duty and responsibility to ‘provide for the secure custody, care and safekeeping’ of James Carpenter,” as part of a contract between Mobile County, the City of Mo *1240 bile, and the sheriff of Mobile County, and that Mobile County had negligently breached this duty. Carpenter also attached a copy of the agreement to the complaint. There is no question that the trial court took the agreement into consideration in granting Mobile County’s motion to dismiss.
The trial judge entered a lengthy order analyzing the issue presented and setting forth in some detail his reasons for reaching the conclusion he reached. In that order he distinguished Keeton v. Fayette County, 558 So.2d 884 (Ala.1989), a case Carpenter relies heavily on. He concluded his order as follows:
“In ruling on [Mobile County’s] Rule 12(b)(6) motion to dismiss, this Court is cognizant that the complaint must be construed in favor of [Carpenter] and should not be dismissed unless it appears beyond all doubt that [Carpenter] can prove no facts in support of her claim which would entitle her to relief under some legally cognizable theory. Jennings v. City of Huntsville, 677 So.2d 228 (Ala.1996). For purposes of this motion, there are no facts in dispute. [Carpenter] does not allege that Mobile County undertook any action to assume a duty greater than that imposed by law other than the contractual provision discussed above. Under these circumstances, the issue is one of law to be determined by the Court. The motion to dismiss is due to be granted.”
(Footnotes omitted.) We cannot agree with the trial court’s determination that Mobile County was entitled to a dismissal pursuant to Rule 12(b)(6), because nothing in the pleadings explains what the “laws, standards, policies, or procedures or court orders applicable to the operations of the joint jail facility” must be. Because we cannot determine from the pleadings, as a matter of law, that Mobile County, in executing the agreement, did not assume a duty that it did not have to assume, we are constrained to hold that Mobile County has failed to meet its burden of showing that Carpenter can prove no facts in support of her claim that would entitle her to relief under some legally cognizable theory.
In determining that the trial court erred in granting Mobile County’s Rule 12(b)(6) motion, we should not be understood as holding that Mobile County may not be able to present evidence in support of a motion for a summary judgment, or at trial, to show that, in executing the agreement, it did not assume a duty it did not have to assume.
Based on the foregoing, the judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
This opinion was prepared by Retired Justice Hugh Maddox, sitting as a Justice of this Court pursuant to § 12-18-10(e).
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, SEE, BROWN, and HARWOOD, JJ., concur.
JOHNSTONE and WOODALL, JJ., concur in the rationale in part and concur in the judgment.
LYONS, J., concurs in the result.
STUART, J., dissents.

. The order read:
"[Carpenter] has filed a motion to reconsider the court's order of September 5, 2001, dismissing the complaint as to Mobile County, supporting her motion by memorandum brief, to which Mobile County has filed a response. After hearing oral argument on Wednesday, October 10, 2001, and consideration of the briefs, the court, upon consideration, does hereby DENY [Carpenter's] motion to reconsider the order of September 5, 2001.”
It is not clear from the order whether the trial judge considered the supplemental material Carpenter filed with the court in support of the motion to reconsider, but apparently the trial judge, believing that Mobile County had not assumed a duty that it was not obligated by law to assume, did not need to consider whether there had been a breach of any duty.

. Because the agreement was attached to the complaint in this case, the fact that the trial court considered the agreement does not require the conversion of Mobile County’s motion to dismiss into a motion for a summary judgment under the provisions of Rule 12(c), Ala. R. Civ. P.; that rule states, in part:
"If, on a motion [to dismiss for failure of the pleading to state a claim upon which relief can be granted], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.”
See Universal Underwriters Ins. Co. v. Thompson, 776 So.2d 81 (Ala.2000). In that case, a copy of a garage-liability policy was attached to the complaint, and the defendant filed a motion for a judgment on the pleadings. This Court stated that the fact that the garage-liability policy was attached to the complaint and considered by the trial court did not require that Thompson's motion for a judgment on the pleadings be converted to a motion for a summary judgment, citing Wilson v. First Union National Bank of Georgia, 716 So.2d 722, 726 (Ala.Civ.App.1998)(holding that the trial court’s consideration of documents attached to the complaint, whose identity and authenticity were not in dispute, did not require conversion of a motion to dismiss into a motion for a summaiy judgment).