IRVING, J.,
for the Court:
¶ 1. Pursuant to a plea agreement with the district attorney, Robert McMillen entered a guilty plea in the Circuit Court of Lowndes County to the charge of delivery of over one kilogram of marijuana. The agreement provided that the district attorney would not make a sentencing recommendation. In this appeal, McMillen asserts that the district attorney breached the plea agreement and seeks a review of the trial court’s decision to deny him any relief. The issues which McMillen assigns for our review are: (1) whether the guilty plea was induced by promises of a plea agreement that was violated by the State, (2) whether the trial court erred in concluding that McMillen’s post-conviction motion was a frivolous filing not necessitating an evidentiary hearing, (3) whether the district attorney violated the terms of the plea bargaining agreement by stating that his recommendation would have been twenty years, and (4) whether McMillen was denied effective assistance of counsel when trial counsel failed to object to the prosecutor stating what the prosecutor’s sentencing recommendation would have been in light of the plea agreement which required that no sentence recommendation would be made.
¶ 2. Finding no reversible error, we affirm.
FACTS
¶ 3. On November 3, 1997, McMillen was arrested for delivery of over one kilogram of marijuana. He was indicted by the grand jury on February 3, 1998. On May 18, 1998, McMillen and his retained counsel met with the district attorney to discuss a plea agreement. McMillen asserts that he agreed to plead guilty and that the district attorney agreed to abstain from offering a sentencing recommendation and seeking enhancement of the sentence as a habitual offender, even though McMillen would qualify as a habitual offender. When the plea was offered to the court, the district attorney with whom McMillen had discussed the agreement was not present. The district attorney’s office was represented by an assistant.
If 4. McMillen asserts that the assistant district attorney breached the plea agree *448 ment by offering a sentencing recommendation and by indicating that McMillen had prior drug-related convictions. The record reflects the following colloquy:
THE COURT: What are the facts the State would present in the event of a trial?
[ASSISTANT DISTRICT ATTORNEY]: Your Honor, the State would show that on the 3rd day of November, 1997, here in Lowndes County, Mr. McMillen and a confidential informant, who I believe was one, Nollie Taylor, Mr. McMillen was driving him around. Mr. McMillen delivered approximately 6.12 kilograms which I believe is about 13 and a half pounds of marijuana in the hopes that Mr. Taylor could find a buyer for this 13 and a half pounds of marijuana. They drove around looking for people to buy this marijuana and this is all recorded on body wire. That’s what the State’s proof would show. The 13 pounds of marijuana was sent off and it was, in fact marijuana. Also, your Hon- or, the State’s proof would show that Mr. McMillen is a prior-convicted drug offender, and accordingly, the sentence in this is I believe going to be up to SO years rather than 20 years.
THE COURT: Say that again.
[ASSISTANT DISTRICT ATTORNEY]: Mr. McMillen has a prior drug conviction and that’s only relevant insofar as the sentencing aspect goes. If he was not prior convicted, I think the maximum he could face would be 20 years. Because he is a prior-convicted drug offender, I think that bumps it up to SO years, the maximum sentence.
THE COURT: Do you disagree about any of the statements he just made about what happened?
MCMILLEN: No, sir.
THE COURT: The maximum sentence is 30 years with the Mississippi Department of Corrections and a $1,000,000 fine and a $5,000 minimum fine. Do you understand what the penalty is?
MCMILLEN: Yes sir, I do.
* * * * * *
THE COURT: I believe that the statute or the case law says that I’m supposed to know what the recommendation was or should have been or could have been or something to that effect.
[ASSISTANT DISTRICT ATTORNEY]: Your Honor, if the Court wishes, I unll tell you the recommendation is 20 years by the State. Mr. Stanfield said that he represented Mr. McMillen before. I think when Mr. McMillen got in trouble before it was a fairly good amount of marijuana on a previous occasion.
(emphasis added)
¶ 5, During the aforesaid dialogue, McMillen’s attorney did not raise any objections to the assistant district attorney’s statements. Nevertheless, McMillen submitted two “requests for judicial review” to the Circuit Court of Lowndes County. Both requests were denied, and McMillen did not appeal from the denial of either one.
ANALYSIS OF THE ISSUES PRESENTED
¶ 6. McMillen argues that the assistant district attorney violated the agreement by making a sentencing recommendation of twenty years when the agreement stipulated that there would be no recommendation. Also, McMillen contends that the agreement was violated by the assistant district attorney mentioning McMillen’s prior drug-related convictions.
¶ 7. In the two prior motions filed by McMillen, he called them “motions for judicial review” and requested that the court *449 review his grievances under the standard of judicial review. The trial court treated them as motions for post-conviction relief.
¶ 8. In his brief, McMillen argues that the motions did not meet the standards required by the PosNConviction Relief Act (the Act) and were not intended as motions requesting post-conviction review under the Act. He further argues that the trial court erroneously deemed them as such. Consequently, argues McMillen, the trial court erred in ruling that his third motion was successive and proeedurally barred. Understandably, McMillen contends that the instant motion, underlying this appeal, is the first one asserted by him in compliance with and under the Act.
¶ 9. When a prisoner appeals pro se, we employ special rules. Myers v. State, 583 So.2d 174, 175 (Miss.1991) Where, as here, a prisoner is appealing pro se, we take that fact into account and, in our discretion, credit not so well pleaded allegations. Id. at 176. Even though the standard for pleading is lowered for pro se PCR pleadings, this fact does not aid McMillen’s claim here. As stated, McMillen claims that his initial motions did not meet the requirements of the Act. He claims this was intentional. Nevertheless, he cites no authority to convince us that the trial court was not authorized to look beyond his intentions and treat the motions in accordance with the allegations laid therein. As stated, the trial court treated the prior motions as motions for post-conviction relief. Technical defects in a prisoner’s pro se pleadings may be overlooked in order that “a prisoner’s meritorious complaint may not be lost because [it is] inartfully drafted.” Myers, 583 So.2d at 176.
¶ 10. Although this Court possesses the authority to review and determine the validity of grievances raised on appeal, we will presume acts of the trial court to be correct in the absence of a showing to the contrary in the record. See Blue v. State, 674 So.2d 1184, 1202 (Miss.1996). The State points out that McMillen failed to include the “motions for judicial review” within the record, precluding this Court from reviewing their content. Consequently, we must accept the trial court’s assessment that the “motions for judicial review” were in fact requests for relief under the Act. The trial court, having considered two previous motions by McMillen, determined that his third motion sought essentially the same relief as the first two. The trial court then dismissed the third motion as successive and proeedurally barred. We find no error in the trial court’s action.
¶ 11. McMillen further argues that his trial counsel was ineffective for not objecting to the prosecutor’s violation of the plea agreement. First, we note that the trial court found as a fact that the district attorney’s office did not breach the plea agreement. The record contains a copy of the “Petition to Enter Guilty Plea.” The petition reflects the following:
[T]he District Attorney shall make no recommendations to the Court concerning my sentence except as follows:
will make no motion for enhanced punishment.
¶ 12. During the sentencing hearing, the trial judge stated to the assistant district attorney that the trial judge believed the court was supposed to know “what the recommendation was or should have been or could have been or something to that effect.” Following this statement, the assistant district attorney said, “Your Honor, if the Court wishes, I will tell you the recommendation is 20 years by the State.” As stated, the trial court found that the prosecutor did not breach the plea agreement. The language of the guilty plea *450 petition is inartfully drafted. Obviously, the only circumscription intended to be placed on the State’s comments was a prohibition against seeking an enhanced sentence. However, that is not exactly what the petition says.
¶ 13. We further note from the record of the guilty plea phase that immediately after the trial court accepted MeMillen’s guilty plea, the court said, “I believe the plea bargain here is just you wouldn’t go for enhanced punishment.” At that point, neither McMillen nor his attorney advised the court that it was misreading the plea agreement as contained in the guilty plea petition. Although, MeMillen’s trial counsel gave an affidavit in support of McMil-len’s motion for post-conviction relief, we are not persuaded by his assertions therein that he thought he had objected to the State’s recommendation and that if he had not he was ineffective for not doing so.
¶ 14. As stated, the trial court found that there was no breach of the plea agreement by the State. We agree with that finding. Even if the plea agreement was not to make a recommendation concerning sentence, we agree with the trial court’s interpretation of what happened at sentencing. The trial court viewed the prosecutor’s statement of recommendation as being not a recommendation in the case, but, in light of the court’s question, what it would have been had he been making one of his own volition. Considering the totality of the circumstances, we cannot say that the conclusion by the trial court is clearly erroneous. It necessarily follows that if there was no breach of the agreement, there was nothing for trial counsel to object to. It further follows that if nothing transpired which warranted an objection by trial counsel, he cannot be ineffective for not objecting.
¶ 15. Moreover, the trial court sentenced McMillen to fifteen years which was less than the purported recommendation. Consequently, we find no merit in McMillen’s contention that he was denied effective assistance of counsel. He has not come close to meeting the standard required by Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, we affirm the decision of the trial court denying McMillen’s motion for post-conviction relief.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, MYERS and CHANDLER, JJ., concur.