SOUTHWICK, P.J.,
for the court.
¶ 1. James Walter Creel’s motion for post-conviction collateral relief and petition for an out-of-time appeal was denied. On appeal he alleges plain error and ineffective counsel. We affirm.
STATEMENT OF THE FACTS
¶2. On July 18, 1994, James Walter Creel was found guilty by a Covington County Circuit Court jury of jail escape. He was sentenced as a habitual offender to life without the possibility of parole. Miss. Code Ann. § 99-19-83 (Rev.2000). His attorney filed a motion for judgment notwithstanding the verdict, or in the alternative, motion for a new trial, but the record contains no evidence that the motion was ever ruled upon. Creel filed a document, pro se, entitled motion for appeal on September 1, 1994, which likewise was not addressed in the record.
¶ 3. Three years and nearly two months later, on October 13, 1997, Creel filed a petition for an out-of-time appeal. Contained in Creel’s petition is the allegation that his trial counsel failed to perfect the appeal by not filing a notice of appeal with the trial court. Creel’s petition for an out-of-time appeal was subsequently denied as being outside the three-year statute of limitations.
¶ 4. Creel filed the first of four motions for post-conviction collateral relief in February 1998, alleging that there was no evidence presented at the trial on the escape charge that he had been in lawful custody. The Supreme Court upheld the denial of the first motion since it was time barred.
¶ 5. Creel has filed three additional motions to vacate his 1994 conviction. The latest such motion was filed on February 15, 2001, denied by the circuit court, and is now here for review.
DISCUSSION
¶ 6. Creel alleges that his 1994 conviction should be vacated due to what he labels “plain error” and ineffective assistance of counsel. Because Creel is pursuing relief under the Mississippi Uniform Post Conviction Collateral Relief Act, he was required to raise those claims within three years from the final judgment of conviction. Miss.Code Ann. § 99-39-5 (Supp.2001). In addition, Creel may not bring successive motions; instead, he is entitled to one opportunity to raise all the claims that might undermine some part of his conviction or sentence. Miss.Code Ann. § 99-39-23(6) (Rev.2001). Creel was convicted on July 18, 1994. He never perfected an appeal, though he did in October 1997, seek leave to file an out-of-time-appeal. Leave was denied. Though there are some exceptions for certain kinds of claims, Creel does not raise any of those narrow exceptions. Miss.Code Ann. § 99-39-5 (Supp.2001).
¶ 7. Further, Creel’s claims are now being brought for the fourth time. This violates the limitation on an inmate to one motion under the statute. Miss.Code Ann. § 99-39-23(6) (Supp.2001).
¶ 8. We find no error in the denying this motion for relief.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF COVINGTON COUNTY DENYING THE MOTION FOR POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO COVINGTON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.