## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2013-CP-01209-COA

**JAMES CREEL A/K/A JAMES WALTER CREEL**  **APPELLANT**
**A/K/A J.W. CREEL**

**v.**

**RON KING AND CHRISTOPHER EPPS**  **APPELLEES**

DATE OF JUDGMENT:              07/15/2013
TRIAL JUDGE:                  HON. EDDIE H. BOWEN
COURT FROM WHICH APPEALED:    COVINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       JAMES CREEL (PRO SE)
ATTORNEYS FOR APPELLEES:      OFFICE OF THE ATTORNEY GENERAL
                             BY: JAMES M. NORRIS
                               ANTHONY L. SCHMIDT
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:      MOTION FOR POST-CONVICTION
                             COLLATERAL RELIEF DISMISSED
DISPOSITION:                  AFFIRMED: 11/25/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., BARNES AND ISHEE, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1.     James Walter Creel appeals the dismissal of his petition for habeas corpus ad

subjiciendum.   The trial court determined that Creel's petition was a motion for post-

conviction collateral relief (PCCR) and was procedurally barred under Mississippi Code

Annotated sections 99-39-5(2) and 99-39-9 (Supp. 2014).

### FACTS AND PROCEDURAL HISTORY

¶2.     In 1993, Creel was under an indictment for burglary when he left the custody of the

Covington County Sheriff's Office. As a result of his departure, a grand jury indicted Creel for escaping custody pursuant to Mississippi Code Annotated section 97-9-49(1) (Rev. 2006). On July 18, 1994, Creel was convicted and subsequently sentenced to life without the possibility of parole as a habitual offender under Mississippi Code Annotated section 99-19-83 (Supp. 2014). Creel did not perfect a direct appeal of his conviction.

¶3. On October 13, 1997, Creel filed an untimely motion contending that his counsel failed to perfect his appeal. Creel's motion was denied as being outside the three-year limitations period for filing a PCCR motion.

¶4. From February 1998 to February 2001, Creel filed four additional PCCR motions. The supreme court affirmed the denial of the first motion as time-barred. Subsequently, this Court affirmed the trial court's denial of Creel's February 2001 PCCR motion as untimely and successive. *Creel v. State*, 814 So. 2d 176, 177 (¶9) (Miss. Ct. App. 2002).

¶5. In this latest proceeding, Creel filed a petition for a writ of habeas corpus ad subjiciendum on July 2, 2012. On March 24, 2013, Creel submitted a motion for leave to correct his sentence and a writ of mandamus on March 27, 2013. The supreme court dismissed the motion for leave and granted mandamus by an order, which required the trial court to address Creel's habeas petition.

¶6. On July 15, 2013, the trial court treated Creel's petition as a PCCR motion and dismissed the action as procedurally barred.

## STANDARD OF REVIEW

¶7. A trial court's decision to deny a PCCR motion will not be overturned on appeal

"unless the trial court's decision was clearly erroneous." *Chapman v. State*, 135 So. 3d 184, 185 (¶6) (Miss. Ct. App. 2013) (citing *Madden v. State*, 75 So. 3d 1130, 1131 (¶6) (Miss. Ct. App. 2011)). "When reviewing questions of law, this Court's standard of review is de novo." *Id.* (citation omitted).

## ANALYSIS

¶8.     The question on this appeal is whether it was error to dismiss Creel's motion as untimely and procedurally barred. Though Creel titles his motion as a writ for habeas corpus ad subjidiciem, he is pursuing post-conviction relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, which governs post-conviction habeas petitions. Miss. Code Ann. § 99-39-3(1) (Rev. 2007). The trial court determined that Creel's motion did not comply with the motion content requirements in section 99-39-9.

¶9.     Creel, however, filed a pro se motion, which allows the court to overlook technical errors in order to hear the merits of the motion. *McMillen v. State*, 811 So. 2d 446, 449 (¶9) (Miss. App. Ct. 2001). Although Creel's pro se status allows for technical drafting errors, his motion remains procedurally barred under Mississippi Code Annotated sections 99-39-5 and 99-39-23 (Supp. 2014).

¶10.    In cases in which no direct appeal is taken, the statute provides that a motion for post-conviction relief must be filed within three years of when the time for taking an appeal from a conviction or sentence expires. Miss. Code Ann. § 99-39-5(2). There are exceptions to this time limitation, including the discovery of new evidence or an intervening decision by the United States Supreme Court or Mississippi Supreme Court. *Id.* However, Creel does not

3

meet any exception to the three-year time limitation listed in section 99-39-5(2).

¶11. Creel did not perfect a direct appeal of his conviction or sentence. Therefore, the time limitation began to run thirty days from the final order of conviction and sentence, which required Creel to file his PCCR motion by August 1997. Creel, however, did not file his first PCCR motion until October 13, 1997, and did not file his current motion until July 2, 2012, well outside the three-year period. Due to Creel's failure to file his PCCR motion within the three-year statutory period, this motion is procedurally barred as untimely.

¶12. In addition, Creel's motion is also procedurally barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp. 2014). The statute provides that any ruling on a PCCR motion is a final judgment, is conclusive unless reversed, and is a bar to a second or successive motion. *Id.* Creel has filed four previous PCCR motions, and this Court affirmed the trial court's denial of Creel's February 15, 2001 motion as untimely and successive. *Creel*, 814 So. 2d at 177 (¶6). This current PCCR motion fails to meet any statutory exceptions to these procedural bars.

¶13. Accordingly, pursuant to Mississippi Code Annotated sections 99-39-5(2) and 99-39-23(6), Creel's motion for a writ of habeas corpus ad subjiciendum was properly denied by the trial court as an untimely and successive PCCR motion. Therefore, this issue has no merit.

¶14. **THE JUDGMENT OF THE CIRCUIT COURT OF COVINGTON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COVINGTON COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**