# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01833-COA

**NICHOLAS DESMOND MAYS**                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

DATE OF JUDGMENT:                   11/05/2015
TRIAL JUDGE:                       HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:  RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      J. EDWARD RAINER
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                   BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:     DISMISSED PETITIONER'S MOTION FOR
                                   POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED: 03/07/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., FAIR AND WILSON, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.   Nicholas Desmond Mays pled guilty to sale of a controlled substance in Rankin County in 2012.[1] As a subsequent drug offender, he was sentenced to serve sixty years in the custody of the Mississippi Department of Corrections, with fifty years to serve and five years' post-release supervision.

¶2.   Mays filed his first petition for post-conviction relief (PCR) in February 2013, claiming his counsel was ineffective. His PCR motion was dismissed. After unsuccessful

---

[1] Mays was charged on two counts. He pled guilty to count I, and an order of nolle prosequi was entered for count II.

appeals to this Court and the Mississippi Supreme Court, Mays filed his second PCR motion in September 2015. He reprised his ineffective-assistance-of-counsel claim and argued the Rankin County Circuit Court lacked jurisdiction because the crime actually occurred in Scott County. The circuit court dismissed Mays's PCR motion as a successive writ. Mays appeals.

## STANDARD OF REVIEW

¶3. "When reviewing a trial court's denial or dismissal of a motion for PCR, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review . . . legal conclusions under a de novo standard of review." *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015) (citation and quotation omitted). We will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate "a claim procedurally alive substantially showing the denial of a state or federal right." *Wilkerson v. State*, 89 So. 3d 610, 614 (¶7) (Miss. Ct. App. 2011).

## DISCUSSION

¶4. Under Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Section 99-39-23(6), in pertinent part, has an exception for newly discovered evidence. Such evidence must be "evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-23(6).

2

¶5. In addition, "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). However, "the mere assertion of a constitutional right violation" does not trigger the exception. *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009). To find an exception to the successive-writ bar, "[t]here must at least appear to be some basis for the truth of the claim" of a fundamental-constitutional-rights violation. *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004).

### 1. Jurisdiction

¶6. Mays attempts to put his first claim under the newly discovered evidence exception. Specifically, he argues the crime occurred outside of Rankin County's jurisdiction.

¶7. In his first PCR motion, Mays claimed his attorney forced him to enter a guilty plea. Mays submitted an affidavit from Vanessa White, who stated she sold the cocaine and that Mays was just in the car during the exchange. Laneshia Hughes was also in the car. White indicated the crime occurred in Rankin County. Mays never argued that these events transpired outside of Rankin County.

¶8. His second PCR motion, the subject of this appeal, contradicts the evidence presented for his first. For example, Mays attached another affidavit from White that deviated significantly from her original account. This time, White stated that she "was only along for the ride" with Mays and Hughes and that she never saw any drugs exchange hands. She was also "positive" that they were stopped in Scott County. Hughes also submitted an affidavit,

3

which was nearly identical to White's.

¶9.    Mays did not raise this issue in the circuit court or his first PCR motion. In any event, Mays's claim is not newly discovered evidence. Mays pled to committing the crime in Rankin County. The two affiants were known at the time of Mays's arrest, one of whom originally indicated the crime occurred in Rankin County. Since this evidence could have been reasonably discovered at trial, Mays's argument fails.

### 2.    Ineffective Assistance of Counsel

¶10.    Mays next argues his attorney was ineffective for failing to adequately investigate the location of the crime. To succeed on an ineffective-assistance-of-counsel claim, the appellant must satisfy the two-pronged test laid out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and adopted by the Mississippi Supreme Court in *Stringer v. State*, 454 So. 2d 468 (Miss. 1984). "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Id*. at 477 (quoting *Strickland*, 466 U.S. at 687).

¶11.    Mays only makes bare assertions in support of his ineffective-assistance-of-counsel claim. At the plea hearing, Mays pled guilty to selling cocaine in Rankin County. When asked whether he was satisfied with his representation, he responded in the affirmative. Mays has failed to show that his counsel's performance was deficient, as required under *Strickland*. Furthermore, he has not shown that his counsel's allegedly deficient performance "proximately resulted in his guilty plea, and [that] but for counsel's errors, he would not have

4

entered the plea." *Cole v. State*, 918 So. 2d 890, 894 (¶10) (Miss. Ct. App. 2006). So Mays's claim has no merit.

## CONCLUSION

¶12. Because Mays's PCR motion does not raise an issue of newly discovered evidence or a violation of fundamental constitutional rights, it is procedurally barred as a successive writ. The circuit court was correct to hold, under section 99-39-23(6), that the motion was barred. Procedural bar notwithstanding, we find no merit to the motion. Therefore, we affirm the judgment of the circuit court.

¶13. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**