# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00636-COA

**JAMES CREEL A/K/A JAMES WALTER CREEL**　　　　　　　**APPELLANT**
**A/K/A J.W. CREEL**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/18/2019 |
| TRIAL JUDGE: | HON. EDDIE H. BOWEN |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES CREEL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/20/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.　On July 18, 1994, James Creel was found guilty of jail escape by a Covington County jury pursuant to Mississippi Code Annotated section 97-9-49(1) (Supp. 1983). Since his conviction, Creel has filed at least five motions for post-conviction collateral relief (PCR) with no success.[1]

¶2.　On October 22, 2018, Creel filed the instant PCR motion in Covington County Circuit

---

[1] The current appeal record is unclear as to the specific details of each of Creel's prior appeal attempts because of the twenty-four year time span since Creel's conviction and the numerous post-conviction pleadings filed by Creel. The stated facts were taken from this Court's opinions in *Creel v. State*, 814 So. 2d 176 (Miss. Ct. App. 2002), and *Creel v. King*, 161 So. 3d 1098 (Miss. Ct. App. 2014).

Court, alleging the circuit court committed multiple errors at his original 1994 jury trial and sentencing hearing.[2] On December 18, 2018, and December 26, 2018, Creel filed subsequent pleadings with the circuit court, in which he alleged additional errors committed during his 1994 trial and sentencing hearing. More specifically within the three pleadings, Creel alleged that his right to due process was violated, that he failed to receive a bifurcated trial, that his right to be free from double jeopardy was violated, that his right to confront witnesses at trial was violated, that he received an illegal sentence, that he received ineffective assistance of counsel, and several additional claims in which he did not assert a fundamental or constitutional right.

¶3.　On March 18, 2019, the circuit court held that Creel was not entitled to any of the requested relief and denied his PCR motion.[3] Creel appeals the decision of the circuit court. Finding no error, we affirm the circuit court's denial of Creel's PCR motion.

**FACTS AND PROCEDURAL HISTORY**

¶4.　In 1993, Creel escaped from the Covington County Sheriff's Department while under indictment for burglary. He was apprehended and indicted for jail escape pursuant to section 97-9-49(1). On July 18, 1994, Creel was convicted by a jury of jail escape. Creel was

---

[2] On June 13, 2018, Creel filed an application with the Mississippi Supreme Court for leave to proceed in the trial court. On August 14, 2018, the supreme court dismissed Creel's application without prejudice to be filed in the convicting court because Creel did not pursue a direct appeal of his original conviction.

[3] The circuit court order denying Creel's PCR motion did not provide any additional rationale for the denial of relief.

subsequently sentenced to life without the possibility of parole as a habitual offender. Creel never perfected a direct appeal. However, on October 13, 1997, Creel filed a petition for out-of-time appeal. Creel's petition was denied.[4] From February 1998 until the current appeal, Creel has filed numerous PCR motions, all of which have been dismissed or denied as either untimely, successive-writ barred, or both.

¶5. On October 22, 2018, Creel filed his most recent PCR motion in which he asserted numerous errors concerning his 1994 jury trial and sentencing hearing. His PCR motion was followed by two additional pleadings on December 18, 2018, and December 26, 2018, in which he alleged additional errors. He claimed that these errors were exempt from any procedural bar. On March 18, 2019, the circuit court denied Creel's PCR motion. Creel appealed that decision and his appeal has been assigned to this Court.

## STANDARD OF REVIEW

¶6. "When reviewing a trial court's denial or dismissal of a [PCR motion], we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review legal conclusions under a de novo standard of review." *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015).

## ANALYSIS

---

[4] As previously stated, due to the length of time since Creel's conviction, the specific circumstances surrounding the denial of Creel's petition for out-of-time appeal is unclear. The stated facts were taken from this Court's opinions in *Creel v. State*, 814 So. 2d 176 (Miss. Ct. App. 2002), and *Creel v. King*, 161 So. 3d 1098 (Miss. Ct. App. 2014).

¶7. At the outset, we recognize that Creel's PCR motion is clearly time-barred. Pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2015):

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

Creel was convicted on July 18, 1994. Creel's most recent PCR motion was filed on October 22, 2018, over twenty-four years after his conviction and outside of the statutory time-frame for appeal.

¶8. Further, given the sheer number of Creel's prior PCR motions, Creel's claims are barred as successive motions. Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) provides that "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and . . . shall be a bar to a second or successive motion under this article." As previously stated, this is at the very least Creel's sixth PCR motion concerning his 1994 conviction. Most recently in *Creel v. King*, 161 So. 3d 1098, 1100 (¶13) (Miss. Ct. App. 2014), this Court held that Creel's petition for writ of habeas corpus ad subjiciendum, which was treated as a PCR motion, was properly denied by the circuit court as an untimely and successive motion.

¶9. Creel asserts on appeal that an exception applies to his procedural bars, which would allow review of his claims. To establish an exception, Creel must show a violation of one of his fundamental constitutional rights. *See Rowland v. State*, 42 So. 3d 503, 507 (¶11)

(Miss. 2010). The following "fundamental-rights exceptions have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right to not be subject to ex post facto laws." *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018), *cert. denied*, 265 So. 3d 181 (Miss. 2019). In "extraordinary circumstances," the right to effective assistance of counsel may also be excepted from the Mississippi Uniform Post-Conviction Collateral Relief Act procedural bars. *See Chapman*, 167 So. 3d at 1174 (¶12). However, "the mere assertion of a constitutional right violation does not trigger the exception." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (internal quotation mark omitted). Rather, there must be some basis of truth for a claim. *Mays v. State*, 228 So. 3d 946, 948 (¶5) (Miss. Ct. App. 2017). "When a subsequent PCR motion is filed, the burden falls on the movant to show he has met a statutory exception." *Williams v. State*, 110 So. 3d 840, 843 (¶15) (Miss. Ct. App. 2013) (internal quotation mark omitted). Further, "[t]he appellant has a duty to justify his assignments of error with all the information necessary to establish an understanding of the matters relied upon for reversal." *Cage v. State*, 149 So. 3d 1038, 1047 (¶26) (Miss. 2014) (citing *Pauley v. State*, 113 So. 3d 557, 564 (¶18) (Miss. 2013)). In *Pennington v. Dillard Supply Inc.*, 858 So. 2d 902, 903 (¶5) (Miss. Ct. App. 2003), this Court held:

> It is a well settled rule that this Court will only consider facts found within the trial record. This Court does not rely on assertions made in briefs, but only on facts preserved within a record certified by law. It is an appellant's duty to justify his arguments of error with a proper record or the trial court will be

5

considered correct. The record on appeal must show such portions of the record of the trial court as are necessary for a consideration of the questions presented. The absence of an adequate record may result in affirmance or dismissal. Therefore, before we can address the merits of an appeal, we must have a complete record of the evidence presented, the rulings made, and the basis for the trial court's decision.

(Internal citations and quotation marks omitted).

### I. "Fundamental-Right Exception" Claims

### A. Bifurcated Trial

¶10. Creel alleged that his due-process rights were violated as a result of the circuit court denying a bifurcated trial. He claimed that his 1994 trial was disrupted by officers and that he was removed from the courtroom while his trial continued without him. Creel claimed that he was transported back to the courthouse solely for the purpose of sentencing. As a result of his removal from the courtroom during his jury trial, Creel alleged that he was denied due process and his right to defend against the charged allegations.

¶11. "[I]n prosecutions under [Mississippi Code Annotated section] 99-19-81 a bifurcated trial is mandatory." *Seely v. State*, 451 So. 2d 213, 214 (Miss. 1984). There is "no doubt that the requirement of a bifurcated trial means a full two-phase trial prior to any finding that a defendant is an habitual offender and subject to enhanced punishment." *Id*. at 215. However, the appeal record is devoid of any evidence to validate Creel's assertions. He did not provide any affidavits, trial transcripts, or any other documents to substantiate his claim that his right to due-process was violated regarding a bifurcated trial. Consequently, this claim is without merit.

6

## B.    Double Jeopardy

¶12.    Creel alleged that he was "denied due-process in sentencing and subject to double jeopardy." He argued that "evidence introduced after his trial is barred by the double jeopardy clause" and that "due to a failed prosecution for burglary, the Respondents initiated successive prosecution to convict him and therefore denied him due process in sentencing."

¶13.    "The constitutional protection at issue, commonly known as the double-jeopardy clause, is enforceable against the states through the Fourteenth Amendment. Its protection prohibits, *inter alia*, multiple punishments for the same offense." *Kelly v. State*, 80 So. 3d 802, 804 (¶8) (Miss. 2012) (quoting *Boyd v. State*, 977 So. 2d 329, 334 (¶13) (Miss. 2008)). "A conviction can withstand [a] double-jeopardy analysis only if each offense contains an element not contained in the other. . . . If they do not, the two offenses are, for double-jeopardy purposes, considered the same offense, barring prosecution and punishment for both." *Id*. (citation, and internal quotation marks omitted). "Prior convictions [that] are 'constitutionally valid in and of themselves' may appropriately be used to enhance punishments for subsequent convictions." *Carr v. State*, 291 So. 3d 1132, 1139 (¶25) (Miss. Ct. App. 2020) (quoting *Bailey v. State*, 728 So. 2d 1070, 1072-73 (¶12) (Miss. 1997)).

¶14.    Creel's double-jeopardy argument is unclear at best, and he has failed to articulate exactly when and what evidence the State presented to trigger a double-jeopardy violation. The crimes of burglary and jail escape each include different elements from the other and therefore survive a double-jeopardy claim. Miss. Code Ann. § 97-9-49(1) (Rev. 2014); Miss.

7

Code Ann. § 97-17-33 (Rev. 2014). Further, the use of Creel's prior convictions was not improper at sentencing and did not violate double-jeopardy. Finally, Creel did not provide any affidavits, trial transcripts, or any other documents to substantiate his claim. Creel failed to meet his burden of proof and therefore this claim is without merit.

### C. Confrontation of Witnesses

¶15. Creel also claimed that he was deprived of his constitutional right to confront and cross-examine witnesses at trial. More specifically, he argued that the Mississippi Department of Corrections (MDOC) records were wrongfully admitted as evidence at trial over his objection and that he was deprived of his right to cross-examine the records custodian who prepared the records. Creel also alleged that the MDOC records did not contain proper authentication to be admissible at trial.

¶16. In *Burrell v. State*, 183 So. 3d 19, 25 (¶19) (Miss. 2015) (quoting *Frazier v. State*, 907 So. 2d 985, 996-97 (¶42) (Miss. Ct. App. 2005)), the supreme court held that,

> [t]he certificate on the documents showing [the accused's] prior crimes 'indicates that the custodian of the records swore that the documents were true and correct copies, not that [the accused] actually committed any act.' We have held that self-authenticating records of a defendant's prior convictions are not testimonial evidence, and do not trigger a defendant's constitutional right to confront witnesses.

¶17. The admission of the MDOC records clearly did not violate Creel's right to confront or cross-examine witnesses at trial because the records were not testimonial evidence. Further, the appeal record is devoid of any evidence that the MDOC records were not properly authenticated. Creel did not provide any trial transcripts or other documents to

substantiate his allegation that the records were improperly admitted. Creel failed to meet his burden of proof and therefore this claim is without merit.

### D.    Illegal Sentence

¶18. Creel alleged that the "Respondents have subjected [him] to double jeopardy and his sentence is illegal and his judgment should be vacated and set aside . . . ." Much like Creel's previous arguments, his argument regarding an illegal sentence is unclear. It seems as though Creel attributed his alleged illegal sentence to a double-jeopardy violation previously addressed in this opinion.

¶19. "This Court is well aware that 'an accused has a fundamental right to be free from an illegal sentence.'" *Shies v. State*, 185 So. 3d 1081, 1085 (¶13) (Miss. Ct. App. 2016) (quoting *Grayer v. State*, 120 So. 3d 964, 969 (¶16) (Miss. 2013)). "An illegal sentence is 'one that does not conform to the applicable penalty statute.'" *Id*.

¶20. Other than Creel's mere assertion that he received an illegal sentence that seems to stem from additional unfounded alleged errors claimed by Creel, there was absolutely no evidence presented to substantiate his claim. Creel did not provide any transcripts, orders, or any other documents concerning the sentencing phase of his trial or otherwise to prove his claim of illegal sentence. Creel failed to meet his burden of proof and therefore this claim is without merit.

### E.    Ineffective Assistance of Counsel

¶21. Finally, Creel claimed that he received ineffective assistance of counsel or "counsel

9

abandonment." This claim was also asserted in one of Creel's prior PCR motions and denied by this Court in *Creel v. State*, 814 So. 2d 176, 177 (¶9) (Miss. Ct. App. 2002). In "extraordinary circumstances," the right to effective assistance of counsel may also be excepted from the procedural bars. *See Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015). Creel failed to identify an "extraordinary circumstance" that would except his claim from procedural bars. Further, even if Creel's claim was excepted from the procedural bar, he did not provide any trial transcripts, attorney correspondence, or other documents to substantiate his allegation that his counsel abandoned him at the trial or appeal level. Creel failed to meet his burden of proof and therefore this claim is without merit.

¶22. While Creel has no doubt peppered his PCR motion with "fundamental right exception" claims, in reviewing Creel's claims, we find that none of them satisfy the fundamental-rights exception.

## II.   Additional Claims

¶23. In addition to the claims already discussed, Creel alleged several additional procedural errors concerning his 1994 trial that are not exempt from the time bar. Creel claimed that the jury was given improper jury instructions that were not consistent with the proof at trial. Further, Creel alleged that "the trial court abused its discretion and committed clear error by failure to raise a contemporaneous objection to authorized departure claim." Finally Creel alleged that the "state court's fact finding procedure conducted amounted to clear error" and "the trial court abused its discretion and committed clear error on all points of appellant's

trial." All of these arguments are so vague and unclear that to respond would cause this Court to guess at the legal reasoning involved and speculate as to any proof supporting them. This Court does not serve as counsel for petitioners nor do we assume roles of advocacy. *Johnson v. State*, 449 So. 2d 225 (Miss. 1984). It appears Creel has simply thrown out buzz words in an effort to hurdle the three-year statute of limitations without any clear or articulable legal argument or any sponsoring proof in the record on appeal. In reviewing the petition, it does not appear that Creel has asserted any actual fundamental right that would exempt his twenty-four year late PCR motion from the procedural time bar.

## CONCLUSION

¶24. Because Creel failed to substantiate his claim that a fundamental-rights exception exists, we find that all of the claims in his PCR motion are barred as untimely and a successive motion. The circuit court's judgment is affirmed.

¶25. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND McCARTY, JJ., CONCUR.**