ON WRIT OF CERTIORARI

WALLER, Chief Justice,
for the Court:
¶ 1. Richard Chapman currently is serving a life sentence in the custody of the Mississippi Department of Corrections. He has never had a direct appeal through no apparent fault of his own, and his trial record allegedly has been destroyed. While Chapman has filed multiple motions for post-conviction relief (PCR), no appellate court has ever addressed the merits of his claims, despite potential violations of his constitutional rights. Under these peculiar circumstances, we find that, in the interests of justice, Chapman is entitled to an evidentiary hearing so that he and the State have an opportunity to reconstruct his trial record.
FACTS AND PROCEDURAL HISTORY
¶ 2. Richard Chapman was sentenced to life in prison at the age of sixteen after being convicted of rape. No direct appeal was taken, but several years later, Chapman filed a number of motioris for PCR. Each PCR motion was denied on procedural grounds. See Chapman v. State, 47 So.3d 203, 204 (Miss.Ct.App.2010); Chap *1172 man v. State, 135 So.3d 184, 184 (Miss.Ct.App.2013), reh’g denied (Apr. 1, 2014), cert. dismissed, 145 So.3d 674 (Miss.2014); Chapman v. State, No.2012-CP-01574-COA, 167 So.3d 1205, 2014 WL 2579685 (Miss.Ct.App. June 10, 2014), reh’g denied (Sept. 23, 2014), cert. granted (Jan. 8, 2015). Chapman’s current motion for PCR also was denied on procedural grounds by the trial court, and the Court of Appeals affirmed. Chapman then filed a petition for certiorari, which this Court granted.
STANDARD OF REVIEW
¶ 3. “When reviewing a trial court’s denial or dismissal of a motion for PCR, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review ... legal conclusions under a de novo standard of review.” Chapman v. State, No.2012-CP-01574-COA, 167 So.3d 1205, 1206, 2014 WL 2579685, at *1 (Miss.Ct.App. June 10, 2014), reh’g denied (Sept. 23, 2014), cert. granted (Jan. 8, 2015) (citing Hughes v. State, 106 So.3d 836, 838 (Miss.Ct.App.2012)).
DISCUSSION
¶ 4. Among the issues raised, Chapman alleges two potential violations of his constitutional rights. First, he claims his trial record and transcript have been improperly destroyed. See Chapman, 47 So.3d at 205 (finding the physical evidence from Chapman’s trial had been destroyed). Second, Chapman asserts that his counsel was ineffective for not filing his direct appeal, and thereby failing to secure a transcript of his trial.
¶ 5. Chapman’s first claim implicates his constitutional right to due process of law. If his trial record was destroyed, this violated the statutory duty to preserve the record.[1] Miss.Code Ann. § 9-7-128 (1985). The record currently before this Court is essentially Chapman’s Order of Conviction and what Chapman claims is his indictment. He claims that, in addition to the physical evidence being destroyed, the trial record and transcript also were destroyed.
¶ 6. Chapman next asserts that his counsel was ineffective for not filing his direct appeal. Chapman claims his attorney at trial agreed to file the appeal and that he paid the attorney for this service. But, according to Chapman, the attorney failed to do so, and Chapman learned of his attorney’s alleged failure roughly two years later when he was informed by the court clerk that no direct appeal had ever been filed.
¶ 7. Chapman further alleges that his attorney was ineffective at .trial for failing to call an alibi witness, that there was a Batson[2] violation, that his indictment was faulty for not properly citing the relevant statute, that the State improperly destroyed all physical evidence after his conviction, that his sentence is illegal, and that the verdict was against the sufficiency and weight of the evidence. See Moore v. Ruth, 556 So.2d 1059, 1061 (Miss.1990) (noting that a pro se prisoner’s meritorious claims may not be ignored because of inartful drafting). In regard to the latter, *1173 Chapman claims the State failed to establish any link between him and the physical evidence of the crime, specifically semen and hair taken from the victim, and that, at trial, the victim identified his attorney as the perpetrator of the crime and not him.
¶ 8. Because of the lack of a trial record and transcript, it is impossible to address the merits of Chapman’s claims and his assertion of ineffective assistance of 'counsel. This lack of a record, which Chapman attributes to the trial court and to his attorney’s alleged failure to file his appeal, effectively denied Chapman his right to an appeal and to a review of the merits of his claim on PCR. Given that there was a statutory duty to preserve Chapman’s record, which is essential to virtually all post-trial proceedings, the absence of a record of Chapman’s conviction may be a violation of Chapman’s right to due process. See Miss.Code Ann. § 9-7-128 (1985) (requiring the preservation of all criminal files “where an indictment was returned and the defendant was convicted if the file is not at least fifty (50) years old.”); see also Watts v. State, 717 So.2d 814, 317 (Miss.1998) (noting that a defendant essentially is denied his or her right to appeal when there is no trial transcript or its equivalent).
¶ 9. When a criminal defendant feels aggrieved by a lower-court decision, that defendant has an “absolute right” to appeal. Harden v. State, 460 So.2d 1194, 1200 (Miss.1984); see also Douglas v. California, 872 U.S. 353, 358, 83 S.Ct. 814, 817, 9 L.Ed.2d 811 (1963) (noting all defendants are entitled to a meaningful appeal). However, no meaningful appeal or post-conviction proceeding can be had where no transcript or equivalent picture of the trial proceedings exists. See Watts, 717 So.2d at 317; United States v. Selva, 559 F.2d 1303, 1306 (5th Cir.1977); United States v. Renton, 700 F.2d 154, 158 (5th Cir.1983); Commonwealth v. Desimone, 447 Pa. 380, 384-385, 290 A.2d 93, 96 (1972). It is also clear that a showing of prejudice, which is not required, under these circumstances is axiomatic — the merits of Chapman’s claims at this point cannot be evaluated because the Court does not have a transcript of any of the trial proceedings or a complete trial record before it. See Selva, 559 F.2d at 1305-06 (“When ... a criminal defendant is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is sufficient to mandate reversal.”); Renton, 700 F.2d at 157; see also Watts, 717 So.2d at 318. The Fifth Circuit Court of Appeals has provided, as quoted by Watts, “when a defendant is represented on appeal by counsel not involved at trial, counsel cannot reasonably be expected to show specific prejudice.” Renton, 700 F.2d at 157; Selva, 559 F.2d at 1305-06; see also Watts, 717 So.2d at 318 (adopting the rationale of Renton and Selva).
¶ 10. Moreover, criminal defendants have a constitutional right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); Cabello v. State, 524 So.2d 313, 315 (Miss.1988). This Court has stated that trial counsel has a duty to ensure that there is at least a partial transcript of trial proceedings to ensure a defendant can adequately appeal his conviction. Brawner v. State, 947 So.2d 254, 262 (Miss.2006) (citing Hardy v. United States, 375 U.S. 277, 280, 84 S.Ct. 424, 427, 11 L.Ed.2d 331 (1964)). Failure to do so is ineffective assistance of counsel and a violation of a defendant’s constitutional rights. Strickland, 466 U.S. at 687, 104 S.Ct. 2052; Hardy, 375 U.S. at 280, 84 S.Ct. 424; Ca *1174 bello, 524 So.2d at 315; Brawner, 947 So.2d at 262.
¶ 11. Here, there is no trial record or transcript, nor does the record show that Chapman has had an opportunity to try to construct an equivalent picture, as he repeatedly has been denied an evidentiary hearing on procedural grounds. See M.R.A.P. 10(c) (providing guidance for constructing an alternative to the actual record); Selva, 559 F.2d at 1306; Watts, 717 So.2d at 318.
¶ 12. Under these extraordinary circumstances — lack of a direct appeal, lack of a court record, his attorney’s alleged failure to obtain a transcript, lack of appellate review of the merits of his claims — we find Chapman is entitled to an evidentiary hearing so that the trial court can determine what, if anything, of the trial record exists, and to provide Chapman and the State an opportunity to locate or reconstruct the trial record and transcript, or to produce an equivalent picture. See Watts, 717 So.2d at 317; Selva, 559 F.2d at 1304 (allowing parties to supplement missing portions of record, or if an adequate picture cannot be reproduced, to grant a new trial if in the interest of justice); Renton, 700 F.2d at 158; Desimone, 447 Pa. at 384-385, 290 A.2d 93. If Chapman or the State can produce the record and transcript or a sufficient equivalent, the circuit court should then consider the merits of Chapman’s claims raised in the current motion for PCR based on that record. Selva, 559 F.2d at 1304. If, however, Chapman or the State fails to produce the record and transcript or an adequate equivalent, Chapman may be entitled to a new trial. See Watts, 717 So.2d at 317 (recognizing that a transcript or equivalent is required for a meaningful appeal); Selva, 559 F.2d at 1304; Renton, 700 F.2d at 158; Desimone, 447 Pa. at 384-385, 290 A.2d 93; see also Brawner, 947 So.2d at 262 (noting that a partial picture of the trial proceeding may be sufficient for post-trial proceedings); Mayer v. City of Chicago, 404 U.S. 189, 194, 92 S.Ct. 410, 414, 30 L.Ed.2d 372 (1971) (recognizing the State and defendant share burden to produce the record or equivalent, providing that State and defendant should be afforded an opportunity to reconstruct missing trial records) (citing Draper v. State of Wash., 372 U.S. 487, 495, 83 S.Ct. 774, 779, 9 L.Ed.2d 899 (1963)); see also Douglas, 372 U.S. at 358, 83 S.Ct. 814 (guaranteeing a defendant’s' right to a meaningful appeal); Miss.Code Ann. § 9-7-128 (1985) (requiring the State to preserve, criminal trial records for fifty years). A sufficient equivalent of the record, at a minimum, would include enough material information specific to the claims raised for the’ trial court judge to fairly consider the merits of each issue. See M.R.A.P. (10)(c).
¶ 13. Additionally, in Rowland v. State, this Court held “errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act (UPCCRA) ],” and courts have no discretion in this regard. Rowland v. State, 42 So.3d 503, 507 (Miss.2010). Accordingly, we find the trial court erred in ruling Chapman’s current PCR motion procedurally barred, and the Court of Appeals erred in affirming the trial court’s judgment. Chapman raises credible allegations affecting fundamental constitutional rights, which are excepted from the PCR statutory bars, including the statute of limitations found in UPCCRA. Rowland, 42 So.3d at 506-07 (“We take this opportunity to hold, unequivocally, that errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA[,]” including the statute’s time bars); see also Bevill v. State, 669 So.2d *1175 14, 17 (Miss.1996) (recognizing due-process violations are excepted from the PCR procedural bars and that it is possible for a lawyer’s performance to be so deficient and so prejudicial that the defendant’s fundamental constitutional rights are violated); see Douglas, 372 U.S. at 358, 83 S.Ct. 814 (finding all defendants are entitled to a meaningful appeal); Miss.Code Ann. § 9-7-128 (1985) (requiring the preservation of all criminal files for fifty years where the defendant was indicted and convicted).
¶ 14. The trial court also should strongly consider appointing counsel to represent Chapman for this evidentiary hearing if he qualifies as indigent. Miss.Code Ann. § 99-39-23 (Rev.2007) (permitting the judge to appoint counsel to assist indigent defendants, as described in Mississippi Code Section 99-15-15, when an evidentia-ry hearing is required in PCR proceedings); see also Rowland, 42 So.3d at 508 (directing the trial court to consider appointing counsel to represent Rowland at PCR evidentiary hearing).
CONCLUSION
¶ 15. For the reasons stated above, we reverse the dismissal of Chapman’s current PCR motion as well as the Court of Appeals’ affirmance of the dismissal and remand for an evidentiary hearing consistent with this opinion. At the evidentiary hearing, the trial court should determine if the trial record and transcript exist, and if not, whether an adequate equivalent can be reconstructed. If the trial court determines that the record and transcript do not exist or an adequate equivalent cannot be reconstructed, Chapman should be given leave to file a motion for a new trial. The trial court also should consider appointing counsel to represent Chapman if he qualifies as indigent. Miss.Code Ann. § 99-39-23 (Rev.2007); Rowland, 42 So.3d at 508.
¶ 16. REVERSED AND REMANDED.
DICKINSON, P.J., KITCHENS, CHANDLER AND KING, JJ., CONCUR. RANDOLPH, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LAMAR AND PIERCE, JJ.; COLEMAN, J„ JOINS IN PART. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., LAMAR AND PIERCE, JJ.

. The statute at that time required the records be kept for fifty years. The Legislature amended the statute in 1987 to require the retention of criminal files for twenty years. See Miss.Code Ann. § 9-7-128 (1987).

. Batson v. Kentucky, 476 U.S. 79, 82, 106 S.Ct. 1712, 1715, 90 L.Ed.2d 69 (1986), holding modified by Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991) (providing the Equal Protection Clause prohibits prosecutors from challenging potential jurors solely based on their race).