**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2013-KA-00831-COA**

**LATANYA BUCKNER**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                               **APPELLEE**

DATE OF JUDGMENT:               04/16/2013
TRIAL JUDGE:                    HON. JEFF WEILL SR.
COURT FROM WHICH APPEALED:      HINDS COUNTY CIRCUIT COURT,
                                FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:         CHARLES RICHARD MULLINS
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: JEFFREY A. KLINGFUSS
DISTRICT ATTORNEY:              ROBERT SHULER SMITH
NATURE OF THE CASE:             CRIMINAL - FELONY
TRIAL COURT DISPOSITION:        CONVICTED OF COUNT I, ARMED
                                ROBBERY, AND SENTENCED TO THIRTY
                                YEARS; AND COUNT II, ARMED
                                CARJACKING, AND SENTENCED TO
                                THIRTY YEARS TO RUN
                                CONCURRENTLY WITH THE SENTENCE
                                IN COUNT I, ALL IN THE CUSTODY OF
                                THE MISSISSIPPI DEPARTMENT OF
                                CORRECTIONS
DISPOSITION:                    REVERSED AND REMANDED: 09/27/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Latanya Buckner was convicted of armed robbery and armed carjacking. Buckner

appealed her conviction. Due to the death of the court reporter, there is no full and accurate

transcription of Buckner's trial. As a result, we cannot conduct a meaningful appellate

review, so we reverse and remand this case for a new trial.

FACTS AND PROCEDURAL HISTORY

¶2. Marcell Cox was robbed and carjacked by Jamil Chancellor in March 2012. Cox worked as a barber at Elegant Coiffures Beauty and Barbershop, located in Jackson, Mississippi. As Cox was leaving work that day, Chancellor held him at gunpoint, took his keys, and entered his car. Cox's coworker and friend, Donnie Patton, came to Cox's defense by shooting at Chancellor, which injured his face. Chancellor fled on foot, but he was quickly found and arrested.

¶3. In April 2012, Chancellor gave a statement to the police, saying that Buckner had allegedly instructed him to rob her boss. Buckner also worked at Elegant Coiffures as a stylist. In the weeks before the robbery and carjacking, Buckner's car was stolen from the parking lot of Elegant Coiffures. Chancellor alleged that Buckner blamed her boss for not having cameras installed to watch the parking lot. According to Chancellor, Buckner then conspired with him to rob the owner of the shop, Charles Irving, on the day when he would have money on him when leaving the barbershop. Though Buckner and Chancellor apparently intended to rob Irving, Chancellor robbed Cox, who was the manager.

¶4. On July 18, 2012, Buckner and Chancellor were indicted for armed robbery and armed carjacking. After severance for trial, Chancellor was convicted on both counts prior to Buckner's trial.

¶5. Buckner went to trial on March 11-14, 2013. The jury found her guilty of both charges, and the trial court sentenced her to two concurrent thirty-year sentences. On March

2

19, 2013, Buckner filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The trial court subsequently denied her motion.

¶6. Buckner then appealed. However, before preparing the transcript, the court reporter died. Much of the trial's proceedings were impossible to transcribe because of the court reporter's "pen writing" shorthand technique. Portions of the trial were transcribed from the available tape recordings, but there is no complete transcript.

¶7. In an effort to remedy this problem, Buckner filed a statement of the evidence pursuant to Mississippi Rule of Appellate Procedure 10(c). The State filed an objection to her statement of the evidence. After more tapes and shorthand books were given to the trial court, Buckner supplemented her statement of the evidence, and the State objected to the supplement. Following a hearing regarding the record, the trial court entered its own statement of the evidence pursuant to Mississippi Rule of Appellate Procedure 10(e).

¶8. Buckner now asserts multiple issues on appeal. Because we cannot provide a meaningful appellate review due to the lack of a complete transcript, we are compelled to reverse the trial court's judgment and remand the case to the trial court for a new trial. Consequently, we will not address Buckner's remaining issues.

## ANALYSIS

¶9. Buckner contends that due to the lack of an accurate and complete transcript, she has been denied due process and a meaningful appellate review. We agree.

¶10. "[W]hen a defendant timely and properly perfects an appeal, it is the duty of the court reporter to prepare and file a transcript and to certify the transcript as an accurate account of

3

the proceedings." *Watts v. State*, 717 So. 2d 314, 316 (¶6) (Miss. 1998) (citing M.R.A.P. 11(c)). The Mississippi Supreme Court has held that "no meaningful appeal or post-conviction proceeding can be had where no transcript or equivalent picture of the trial proceedings exists." *Chapman v. State*, 167 So. 3d 1170, 1173 (¶9) (Miss. 2015) (citation omitted). As such, Rule 10(c) provides the following procedure to supplement missing portions of a record:

> If no stenographic report or transcript of all or part of the evidence or proceedings is available, the appellant may prepare a statement of the evidence or proceedings from the best available means, including recollection. The statement should convey a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or his counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. If the appellee objects to the statement as filed, the appellee shall file objections with the clerk of the trial court within 14 days after service of the notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this Rule.

¶11. Here, Buckner followed the procedure outlined in Rule 10(c) by submitting a statement of the evidence to which the State objected. Buckner then filed a supplemental statement of the evidence. The trial court, taking these statements into consideration, as well as the anticipated issues on appeal, constructed its own statement of the evidence. The trial court's statement covers many of the missing portions of the transcript.

¶12. Though the trial court provided a statement of the evidence in an effort to fill in the gaps left by the missing portions of the transcript, this statement must constitute a "sufficient equivalent" to the missing portions of the transcript in order for this Court to consider the

merits of the claims raised by Buckner. *Chapman*, 167 So. 3d at 1174 (¶12). "A sufficient equivalent of the record, at a minimum, would include enough material information specific to the claims raised for the trial court judge to fairly consider the merits of each issue." *Id.* Buckner challenges portions of the trial court's statement of the evidence, particularly its recollection of Detective Eric Smith's testimony. But Buckner must show that the missing transcript and inadequate statement of the evidence necessitate a reversal.

¶13. "[W]hen an appellant is represented by the same counsel at trial and on appeal, the appellant 'is required to show specific prejudice by the missing portions of the record in order to mandate reversal and remand for a new trial.'" *Cox v. Miss. Dep't of Corr.*, 969 So. 2d 900, 904 (¶11) (Miss. Ct. App. 2007) (quoting *Watts*, 717 So. 2d at 318 (¶10)). However, "when a defendant is represented on appeal by counsel not involved at trial, counsel cannot reasonably be expected to show specific prejudice." *Chapman*, 167 So. 3d at 1173 (¶9) (citation omitted). Here, Buckner is represented by different counsel on appeal than at trial and, accordingly, she is not required to show specific prejudice. Even if this was not the case, this Court finds that she has shown prejudice sufficient to mandate a reversal.

¶14. **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS REVERSED, AND THIS CASE IS REMANDED FOR A NEW TRIAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**