# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00904-COA

**MARK A. KING A/K/A MARK KING A/K/A**  APPELLANT
**MARK SIEGFRIED KING A/K/A MARK S.**
**KING**

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/29/2016 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARK A KING (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED THE APPELLANT'S MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/30/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Mark King entered a guilty plea to the charge of possession of counterfeit bank notes or other instruments.  The Madison County Circuit Court sentenced King to ten years in the custody of the Mississippi Department of Corrections (MDOC) and ordered him to pay court costs, fees, and assessments in the amount of $498.50.   King filed a motion for postconviction relief (PCR), arguing that his indictment was defective for failing to provide him with notice of the amount of counterfeit bank notes in his possession, and as a result, his sentence was unconstitutional.   After reviewing the record and King's PCR motion, the

circuit court denied King's requested relief and dismissed his PCR motion. King now appeals. Finding no error, we affirm the circuit court's dismissal of King's PCR motion.

**FACTS**

¶2. On August 14, 2014, a Madison County grand jury indicted King for possession of counterfeit bank notes or other instruments in violation of Mississippi Code Annotated section 97-21-37 (Rev. 2006) (Count I), and conspiracy to possess a counterfeit instrument in violation of Mississippi Code Annotated section 97-1-1 (Rev. 2006) (Count II).[1]

¶3. On November 17, 2014, King entered a plea of guilty to Count I, possession of counterfeit bank notes, and Count II was nolle prossed. On December 8, 2014, the circuit court sentenced King to serve ten years in the custody of the MDOC and to pay court costs, fees, and assessments in the amount of $498.50.

¶4. On April 15, 2016, King filed a PCR motion, arguing that his indictment was defective for failing to provide him notice of the monetary value of the counterfeit bank notes he was charged with possessing. King further submitted that no proof was offered in the indictment as to the face amount of those notes. King also claimed that his sentence exceeded the maximum authorized by law, arguing that he should not have been sentenced to more than six months in the county jail pursuant to the amendment to the sentencing scheme found in Mississippi Code Annotated section 97-21-33(1) (Rev. 2014).

---

[1] The record shows that on October 31, 2014, the State moved to amend the indictment to charge King as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015); however, the State failed to present the motion to the circuit court.

¶5. After reviewing both the record and King's PCR motion, the circuit court entered an order on April 29, 2016, denying King's requested relief and dismissing his PCR motion. The circuit court explained:

> [P]ursuant to the versions of . . . [sections] 97-21-37 and 97-21-33 in effect on the date the crime was committed, it was a felony to possess such counterfeit checks in any amount. While the State could have proceeded against King on a misdemeanor charge if the face amount of the checks [was] below $500, the State was not required to do so and could have proceeded against King as a felony regardless of the face amount of the checks.

The circuit court also held that the face of the indictment clearly provided King with notice that the State was charging him with a felony charge of possession of counterfeit bank notes or other instruments.

¶6. King now appeals the circuit court's dismissal of his PCR motion.

## STANDARD OF REVIEW

¶7. "When reviewing a trial court's denial or dismissal of a motion for PCR, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review legal conclusions under a de novo standard of review." *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015).

## DISCUSSION

¶8. King argues that his indictment charging him with possession of counterfeit bank notes or other instruments was defective. King admits that his indictment notified him that he was being charged with the offense of possession of counterfeit bank notes pursuant to section 97-21-37. However, King argues that the indictment failed to specify the amount of

3

forged notes found in his possession for sentencing purposes. King submits that the sentencing statute, section 97-21-33, applies different penalties depending on the amount of forged notes in possession of the defendant. As a result, King asserts that imposing a sentence without properly including the amount of forged notes in his indictment violates the Eighth Amendment of the United States Constitution.

¶9. Uniform Rule of Circuit and County Court 7.06 states that an indictment "shall be a plain, concise[,] and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." In *Davis v. State*, 171 So. 3d 537, 540 (¶11) (Miss. Ct. App. 2015), this Court explained that "[t]he chief objective of an indictment is to provide a defendant fair notice of the crime charged." Furthermore, "[a]n indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Id.* (quoting *Gilmer v. State*, 955 So. 2d 829, 836-37 (¶24) (Miss. 2007)).

¶10. The record reflects that King's indictment for possession of counterfeit bank notes charged:

> [O]n or about the 11th day of June, 2014, . . . [King] did unlawfully, willfully, and feloniously have in [his] possession multiple forged, altered[,] or counterfeited negotiable notes, namely: multiple business checks drawn on the account of HRL Contractors, LLC, . . . when . . . [King] knew same to be forged, altered[,] or counterfeited, with intention to utter the same as true or as false, or to cause the same to be uttered, with intent to injure or defraud, in

4

violation of . . . [section] 97-21-37[.]

¶11.     At the time King committed the crime charged in his indictment, Mississippi Code Annotated section 97-21-33 (Rev. 2006) provided the following penalty for a violation of section 97-21-37: a term of imprisonment between two and ten years, a fine of not more than $10,000, or both.   As stated, the circuit court herein "reviewed the complete file in this matter, including all the pleadings in this cause, the underlying criminal file, [and] the transcript of the guilty plea and sentencing hearings" and ultimately entered an order denying relief and dismissing King's PCR motion.   In its order of dismissal, the circuit court explained that, "pursuant to the versions of . . . [sections] 97-21-37 and 97-21-33 in effect on the date the crime was committed, it was a felony to possess such counterfeit checks in any amount."   The circuit court held:

> It is clear from the face of the indictment that the State was proceeding against King on a felony charge, regardless of the amount of the checks, which the Court finds to have been within the discretion of the State.   Count I of the indictment clearly shows that King was called into Court to face a felony charge for the possession of counterfeit business checks drawn on the account of HRL Contractors, LLC, which King possessed in Madison County, Mississippi, knowing the same to be forged, altered[,] or counterfeit, and that he had the intent to utter and published such checks with the further intent to injur[e] and defraud.

¶12.     Our review of King's indictment reflects that he was charged with committing the offense on June 11, 2014.   The Mississippi Supreme Court has held that, unless a statute specially provides otherwise, a trial court must sentence an offender under the sentencing statute in effect at the time of the offense.   *Wilson v. State*, 194 So. 3d 855, 874 (¶61) (Miss.

5

2016); Miss. Code Ann. § 99-19-1 (Rev. 2015).  At the time of King's offense, section 97-21-27 (Rev. 2006) provided:

> Every person who shall have in his possession *any* forged, altered[,] or counterfeited negotiable note, bill, draft, or other evidence of debt issued or purported to have been issued by any corporation or company duly authorized for that purpose by the laws of the United States or of this state, or of any other state, government, or country, or any other forged, altered, or counterfeit, instrument the forgery of which is declared by the provisions of this chapter to be punishable, knowing the same to be forged, altered, or counterfeited, with intention to utter the same as true or as false, or to cause the same to be uttered, with intent to injure or defraud, shall be guilty of forgery.

(Emphasis added).  A reading of the plain language of the statute reflects no requirement for a specific value or amount of forged or counterfeit notes in order to be guilty of forgery; rather, the statute simply requires that a person "have in his possession *any* forged, altered[,] or counterfeited negotiable note[.]" *Id*. (Emphasis added).  Accordingly, we find that King's indictment properly tracks the language of the statute and, in so doing, provides King with proper notice of the charge against him.  *See Harrison v. State*, 722 So. 2d 681, 687 (¶22) (Miss. 1998) ("So long as from a fair reading of the indictment taken as a whole the nature and cause of the charge against the accused are clear, the indictment is legally sufficient.").

¶13.     The corresponding sentencing statute in place at the time King committed the charged offense of possession of counterfeit bank notes, section 97-21-33 (Rev. 2006), provided:

> Persons convicted of forgery shall be punished by imprisonment in the Penitentiary for a term of not less than two (2) years nor more than ten (10) years, or by a fine of not more than Ten Thousand Dollars ($10,000.00), or both; provided, however, that when the amount of value involved is less than Five Hundred Dollars ($500.00) in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for

6

a term of not more than six (6) months, or by a fine of not more than One Thousand Dollars ($1,000.00), or both, within the discretion of the court.

¶14. In his appellate brief, King cites to the amended version of section 97-21-33, effective July 1, 2014, which provides varying penalties depending on "the amount of value involved" in the forgery.[2] However, this amended version became effective shortly after King

---

[2] The recently amended version of section 97-21-33 (Rev. 2014) provides:

(1) Any person convicted of forgery when the amount of value involved is under One Thousand Dollars ($1,000.00) may be punished by imprisonment in the county jail for a term of not more than six (6) months, or by a fine of not more than One Thousand Dollars ($1,000.00), or both if the court finds substantial and compelling reasons why the offender cannot be safely and effectively supervised in the community, is not amenable to community-based treatment, or poses a significant risk to public safety. If such a finding is not made, the court shall suspend the sentence of imprisonment and impose a period of probation not exceeding one (1) year or a fine of not more than One Thousand Dollars ($1,000.00), or both. The total value of the forgery by the person from a single victim shall be aggregated in determining the gravity of the offense. Any person convicted of a third or subsequent offense under this subsection where the value of the property is not less than Five Hundred Dollars ($500.00), shall be punished by imprisonment in the Penitentiary for a term not exceeding three (3) years or by a fine not exceeding One Thousand Dollars ($1,000.00), or both.

(2) Any person convicted of forgery when the amount of value involved is One Thousand Dollars ($1,000.00) or more but less than Five Thousand Dollars ($5,000.00) shall be punished by imprisonment in the Penitentiary for a term not more than five (5) years, or a fine of not more than Ten Thousand Dollars ($10,000.00), or both.

(3) Any person convicted of forgery when the amount of value involved is Five Thousand Dollars ($5,000.00) or more, but less than Twenty-five Thousand Dollars ($25,000.00) shall be imprisoned in the Penitentiary for a term not exceeding ten (10) years, or be fined not more than Ten Thousand Dollars ($10,000.00), or both.

7

committed the offense of possession of counterfeit bank notes. *See Wilson*, 194 So. 3d at 874 (¶61) ("Section 99-19-1 clearly requires the trial court to sentence an offender under a sentencing statute in place at the time of the crime.").

¶15. The transcript from the plea hearing reflects that the sentencing judge advised King that section 97-21-33 was amended shortly after King committed the offense of possession of counterfeit bank notes. The sentencing judge then explained that both section 99-19-1 and caselaw mandate that the sentencing judge apply the version of section 97-21-33 in effect at the time King committed the offense. The transcript further reflects that the sentencing judge advised King of the minimum and maximum sentences he could receive, pursuant to his guilty plea, for possession of counterfeit bank notes. King affirmed under oath that he understood the possible sentences he could receive and that he still wished to enter a plea of guilty.

¶16. After our review, we find that King's sentence of ten years in the custody of the MDOC and payment of court costs, fees, and assessments in the amount of $498.50 falls within the sentencing purview authorized by the version of section 97-21-33 in effect at the time King committed the offense of possession of counterfeit bank notes. As a result, King's

---

(4) Any person convicted of forgery when the amount of value involved is Twenty-five Thousand Dollars ($25,000.00) or more, shall be imprisoned in the Penitentiary for a term not exceeding twenty (20) years, or be fined not more than Ten Thousand Dollars ($10,000.00), or both. The total value of the forgery by the person from a single victim shall be aggregated in determining the gravity of the offense.

sentence is valid.  We therefore find no error in the circuit court's determination that King

was entitled to no relief.

**¶17.    THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**