# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00099-COA

**BELMON SMITH A/K/A BELMON JAMAL SMITH**                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/16/2020 |
| TRIAL JUDGE: | HON. SMITH MURPHEY |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | BELMON SMITH (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/10/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1. On March 27, 2018, Belmon Smith entered an open *Alford* plea[1] of guilty to one count of sexual battery pursuant to Mississippi Code Annotated section 97-3-95(1)(d) (Rev. 2017). The Panola County Circuit Court found that his plea was "freely" and "voluntarily" entered and sentenced him to serve twenty years in the custody of the Mississippi Department of Corrections, followed by ten years' post-release supervision. On December 4, 2020, Smith filed a petition for post-conviction relief (PCR), alleging that his plea was involuntary due

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

to his alleged diminished mental capacity.[2] The trial court summarily denied Smith's PCR petition without a hearing, and he appealed. Finding no error, we affirm the trial court's judgment.

## STANDARD OF REVIEW

¶2. Mississippi Code Annotated section 99-39-11(2) (Rev. 2020) provides that the trial court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." The movant bears the burden of proving that he is entitled to relief. Miss. Code Ann. § 99-39-23(7) (Rev. 2020). "When reviewing a trial court's denial or dismissal of a motion for PCR, we will only disturb the trial court's factual findings if they are clearly erroneous . . . ." *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015). We review questions of law de novo. *Id*.

## ANALYSIS

¶3. Smith's argument on appeal is twofold. First, he argues that because of his "history of mental illness" and diagnosis of schizophrenia, he was entitled to a competency hearing prior to his plea. Second, he argues that because no competency hearing was conducted, his guilty plea was involuntary.

¶4. Mississippi Rule of Criminal Procedure 12.1(a) states that "[t]here is a presumption

---

[2] Smith also argued in his petition that his counsel was ineffective for failing to request a mental evaluation. However, he did not raise that issue on appeal.

of mental competency." "[T]he defendant bears the burden to prove 'by substantial evidence that he or she is mentally incompetent to stand trial.'" *Pitchford v. State*, 240 So. 3d 1061, 1067 (¶32) (Miss. 2017) (quoting *Evans v. State*, 725 So. 2d 613, 660 (¶180) (Miss. 1997)). "In order to be deemed mentally competent, a defendant must have the ability to perceive and understand the nature of the proceedings, to communicate rationally with the defendant's attorney about the case, to recall relevant facts, and to testify in the defendant's own defense, if appropriate." MRCrP 12.1(a).

¶5.    Further, Mississippi Rule of Criminal Procedure 12.2(a) provides that "[i]f at any time before or after indictment, the court, on its own motion or the motion of any party, has reasonable grounds to believe that the defendant is mentally incompetent, the court shall order the defendant to submit to a mental examination." MRCrP 12.2(a). Here, neither the State nor either of Smith's attorneys (a public defender and subsequently hired private counsel) filed a motion with the court requesting a competency hearing.

¶6.    Trial courts have the discretion to decide whether reasonable ground exists to believe a defendant is incompetent to proceed. *Harden v. State*, 59 So. 3d 594, 601 (¶14) (Miss. 2011). The relevant question is whether "the trial judge received information which, objectively considered, should reasonably have raised a doubt about [the] defendant's competence and alerted him to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense[.]" *Goff v. State*, 14 So. 3d 625, 644 (¶66) (Miss. 2009).

3

¶7.    In its order denying the relief requested in Smith's petition, the trial court noted that it had presided over Smith's pre-trial hearings and his plea colloquy. The trial court determined, in pertinent part:

> While there is some indication from the record that Smith cannot read and has previously been institutionalized for behavioral issues, there is no evidence whatsoever to suggest that Smith was incompetent to stand trial. Throughout the course of pre-trial proceedings, which included a lengthy discussion on the record regarding plea offers and Smith's request for a trial by jury, as well as a lengthy plea and sentencing hearing, Smith appeared to this [c]ourt to perceive and understand the nature and significance of the proceedings, was oriented to time and place, and was able to rationally communicate with the [c]ourt and his attorney. Neither Smith nor his two attorneys . . . ever requested a mental evaluation or even suggested the need for one. Smith made no arguments and presented no witnesses or evidence to this [c]ourt to suggest that he was incompetent despite a lapse of approximately eleven months between his indictment and the date of his plea.

The trial court further noted that Smith failed to offer any evidence of mental incompetency in his PCR petition "beyond his own conclusory allegation of 'mental problems.'"[3]

¶8.    The trial court's conclusions are supported by the record, particularly Smith's plea petition and plea colloquy. In Smith's plea petition, he acknowledged that he was "mentally competent to make this petition." Additionally, he acknowledged that he was "not under the influence of drugs or alcohol nor suffering from any mental disease or emotional problem." Smith further acknowledged that he was entering his guilty plea "freely and voluntarily and of [his] own accord and with full understanding of all matters set forth in the indictment [and

---

[3] There were no medical records or affidavits attached to the petition, which was filed in the trial court.

in his plea petition]."

¶9.     At Smith's plea colloquy during the plea hearing, the trial court asked Smith and his attorney several questions concerning Smith's plea petition. Smith acknowledged that the information in the document was "true and correct" and that he understood all the information contained in the plea petition. In addition, Smith's attorney testified that he read the entire document to Smith to ensure that Smith "fully understood" the plea petition. In regard to the sections Smith did not fully understand, Smith's attorney "explained each section to . . . Smith and he indicated that he understood each section of the petition." When asked by the court, Smith denied having "any history of mental or emotional sickness." Smith also denied ever being "declared insane or incompetent by a doctor or a court of law." Smith testified that he had been in and out of "institutions" as a child. He also testified that he could not read or write.[4]   Smith's attorney noted that Smith suffered from attention-deficit/hyperactivity disorder, but neither Smith nor his attorney claimed that Smith had a history of mental illness or suffered from schizophrenia. What's more, Smith repeatedly stated that he understood the nature of the proceedings against him and that he was pleading guilty "freely, voluntarily, and intelligently."

---

[4] Although Smith claimed he could not read or write, the record shows he could at least write. The trial court noted during Smith's plea colloquy that he "petitioned the [c]ourt in his own handwriting." Further, during sentencing, a law-enforcement officer testified that Smith wrote an apology letter to his victim. Finally, it appears that Smith handwrote his pro se brief submitted to this Court. Smith has never indicated someone else wrote any of the three documents mentioned here on his behalf.

**CONCLUSION**

¶10.    After review, we find Smith presented no evidence to show a reasonable ground for the trial court to believe he was incompetent to plead guilty.  We therefore affirm the circuit court's denial of Smith's PCR petition.

¶11.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**