# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00378-COA

**UNDRA WARD A/K/A UNDRA DELARENCE WARD A/K/A UNDRA D. WARD**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                         **APPELLEE**

DATE OF JUDGMENT:              02/01/2023
TRIAL JUDGE:                   HON. M. BRADLEY MILLS
COURT FROM WHICH APPEALED:     MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        WILLIAM CLAUDE COON
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: ALLISON ELIZABETH HORNE
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 09/24/2024
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     In 2014, Undra Ward pled guilty to second-degree murder and conspiracy to commit armed robbery and was sentenced to serve consecutive terms of forty years and five years in the custody of the Mississippi Department of Corrections (MDOC).  In 2022, Ward filed a motion for post-conviction relief (PCR), alleging that his guilty plea was invalid and that he received ineffective assistance of counsel because his attorney erroneously advised him that he would be eligible for trusty time and early release.  The circuit court denied Ward's motion, finding that it was barred by the three-year statute of limitations of the Uniform Post-Conviction Collateral Relief Act (UPCCRA).  Miss. Code Ann. § 99-39-5(2) (Rev. 2020).  We find no error and affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On February 18, 2014, Undra Ward pled guilty to second-degree murder as a lesser-included offense of capital murder and conspiracy to commit armed robbery. As part of his plea agreement, Ward agreed to testify against his co-defendant, Joshua Archie.[1] The circuit court found that Ward's guilty pleas were "freely, voluntarily, knowingly and intelligently made and entered." The court then sentenced Ward to serve consecutive terms of forty years and five years in MDOC's custody. Ward's sentence and judgment of conviction were entered on February 20, 2014.

¶3.     Nearly eight years later, on February 3, 2022, Ward filed a PCR motion in the circuit court. Ward alleged (1) that his guilty plea was invalid because it was not knowingly, intelligently, and voluntarily entered and (2) that he received ineffective assistance of counsel because his attorney erroneously advised him that he would be eligible for early release. Ward argued that "he was misinformed and believed that he would be eligible for release after serving fifty percent" of his sentence. He further stated that both his attorney and the district attorney's office believed that he would be eligible for release after serving fifty percent of his sentence and that this misinformation was communicated to Ward "numerous" times before and after he pled guilty. Ward claimed that his plea was invalid and involuntary because he would not have pled guilty or agreed to cooperate against Archie "if he knew that he would not be eligible for early release."

---

[1] Ward, an employee at Party City on County Line Road in Ridgeland, and Archie planned and carried out a robbery of the store. Archie shot and killed store manager Bobby Adams during the robbery. For a discussion of the facts of the case and Ward's testimony against Archie, see *Archie v. State*, 387 So. 3d 963, 966-68 (¶¶2-16) (Miss. 2024).

¶4.    In support of his motion, Ward submitted a sworn affidavit stating that he was assured "numerous times" and believed that he would be eligible for early release in exchange for his testimony against Archie.  Ward also submitted a sworn affidavit from his plea counsel stating he advised Ward that he would be eligible for early release on his second-degree murder sentence based on earned time, trusty time, and meritorious earned time.[2]  Finally, Ward submitted a sworn affidavit from an assistant district attorney who had been involved in Ward's plea negotiations.  The prosecutor stated that his understanding at the time Ward pled guilty was that Ward would be eligible for early release after serving fifty percent of his sentence and that he had "conveyed [his] understanding" to Ward's attorney.

¶5.    Ward argued that his claims were excepted from the UPCCRA's three-year statute of limitations based on this Court's "intervening decision" in *Ulmer v. State*, 292 So. 3d 611 (Miss. Ct. App. 2020).  *See* Miss. Code Ann. § 99-39-5(2)(a)(i).  In response, the State argued that Ward's PCR motion was barred by the statute of limitations.

¶6.    The circuit court held an evidentiary hearing on Ward's PCR motion.  Ward testified, "In the plea negotiations it was told to me by my lawyer, when we talked to the DA and we negotiated with them, that I would be sentenced to 40 years and I will only have to serve 20 years on the second degree murder charge and that . . . I would have a consecutive sentence of five years under conspiracy to commit armed robbery."  Ward maintained that his attorney told him that he would only have to serve twenty years of his second-degree murder sentence "because [he] would be eligible for trusty earned time."  Ward also testified that he was

---

[2] Ward's consecutive five-year sentence for conspiracy is eligible for trusty time and early release.

housed at the Rankin County jail until after Archie's first trial in 2017. He was then transferred to MDOC's custody, where a caseworker told him, for the first time, that he was not eligible for trusty time. Ward testified that he would not have pled guilty if he had known that he would not be eligible for trusty time or early release.

¶7.     At the conclusion of the hearing, the State argued that Ward's PCR motion was time-barred, though the State did not dispute that Ward had been misinformed regarding his eligibility for early release. In response, Ward argued that his claim was excepted from the statute of limitations because he alleged a violation of his "fundamental rights" and based on this Court's "intervening decision" in *Ulmer*.

¶8.     On February 1, 2023, the circuit court denied Ward's PCR motion as time-barred. The court relied on *Howell v. State*, 358 So. 3d 613 (Miss. 2023), decided just six days earlier, in which the Mississippi Supreme Court overruled prior precedent and held that there is no "fundamental-rights exception" to the UPCCRA's statute of limitations. *Id.* at 615 (¶8). Ward filed a motion for reconsideration, arguing, inter alia, that *Howell* should not be applied "retroactively." The circuit court denied Ward's motion, and Ward appealed.

## ANALYSIS

¶9.     On appeal, Ward argues that (1) *Howell* should not be applied "retroactively," (2) he is entitled to relief under this Court's decision in *Ulmer*, (3) the circuit court and MDOC violated his due process rights, and (4) the circuit court "erroneously failed to exercise its discretion to extend . . . [his] deadline" to file his PCR motion. For the reasons explained below, Ward's arguments are without merit, and the circuit court was correct to deny his

4

PCR motion as time-barred.

¶10. A PCR motion must be filed within three years after the entry of a judgment of conviction based on a guilty plea. Miss. Code Ann. § 99-39-5(2). Prior to *Howell*, certain "errors affecting fundamental constitutional rights" were excepted from the UPCCRA's statute of limitations. *Smith v. State*, 334 So. 3d 1199, 1203 (¶9) (Miss. Ct. App. 2021) (quoting *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010), *overruled by Howell*, 358 So. 3d at 615 (¶8)), *cert. denied*, 334 So. 3d 1161 (Miss. 2022). The Supreme Court had held that this exception applied to *some* claims of ineffective assistance of counsel, but only "in exceptional circumstances" or "extraordinary circumstances." *Id.* (emphasis omitted) (quoting *Conley v. State*, 364 So. 3d 641, 642 (Miss. 2020) (order); *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015), *overruling recognized by Ronk v. State*, No. 2021-DR-00269-SCT, 2024 WL 131639, at *7 (¶36) (Miss. Jan. 11, 2024)). However, in *Howell* the Supreme Court expressly abolished the "fundamental-rights exception" to the statute of limitations. *Howell*, 358 So. 3d at 615 (¶8); *Ronk*, 2024 WL 131639, at *7 (¶36). Therefore, Ward's reliance on pre-*Howell* caselaw is misplaced.

¶11. In addition, Ward's argument that *Howell* should not apply "retroactively" is without merit. Indeed, the Supreme Court recently addressed this issue in *Ronk*, holding that *Howell* applied to Ronk's case even though *Howell* "handed down after Ronk filed [his PCR] motion." *Ronk*, 2024 WL 131639, at *2 (¶16). As the Court explained, "[g]enerally, all judicial decisions apply retroactively unless the Court has specifically stated the ruling is prospective." *Id.* (quotation marks omitted) (quoting *Gibson v. Bell*, 312 So. 3d 318, 324

5

(¶27) (Miss. 2020)). Because *Howell* applied to Ronk's case, "the fundamental-rights exception [was] inapplicable." *Id.* The same is true in this case.

¶12. Ward's reliance on *Ulmer* is also misplaced. In *Ulmer*, we held that a PCR movant was entitled to relief because the record established that he pled guilty to second-degree murder in reliance on his attorney's erroneous advice that he would be eligible for early release. *See generally Ulmer*, 292 So. 3d at 612-16 (¶¶1-16). Thus, Ward's substantive post-conviction claim is similar to the claim made in *Ulmer*. However, *Ulmer* is distinguishable because the PCR motion in that case was filed within the statute of limitations, whereas Ward's claim is time-barred. This difference is dispositive. *See Smith*, 334 So. 3d at 1205 (¶¶14-15) (explaining that time-barred PCR claims are distinguishable from non-time-barred PCR claims).

¶13. In the circuit court, Ward argued his claim was excepted from the statute of limitations because *Ulmer* was "an intervening appellate decision affecting the merits of [his claim]." Ward cited Mississippi Code Annotated section 99-39-5(2)(a)(i), which makes an exception to the statute of limitations for "cases in which the petitioner can demonstrate . . . [t]hat there has been an intervening decision of *the Supreme Court of either the State of Mississippi or the United States* which would have actually adversely affected the outcome of his conviction or sentence." *Id.* (emphasis added). This argument is also without merit. To begin with, *Ulmer* was a decision *of this Court*—not the Mississippi Supreme Court or the United States Supreme Court. Therefore, this statutory exception is inapplicable. Moreover, *Ulmer* simply applied longstanding precedent that a plea is involuntary if the defendant is affirmatively

misinformed regarding his eligibility for parole or early release and pleads guilty in reliance on the misinformation. *See Ulmer*, 292 So. 3d at 614-16 (¶¶8-15). *Ulmer* did not break any new ground or announce any new rule of law. Accordingly, *Ulmer* was not "an intervening decision" that "actually adversely affected the outcome of [Ward's] conviction or sentence." Miss. Code Ann. § 99-39-5(2)(a)(i). For these reasons, *Ulmer* provides no exception to the UPCCRA's statute of limitations.

¶14. Ward next argues that the circuit court and MDOC violated his "right to due process" because he was not advised that his second-degree murder sentence was ineligible for early release. This argument simply repackages Ward's other claims and is barred by the statute of limitations for the same reasons.

¶15. Lastly, Ward argues that his claim should be deemed to have been filed within the UPCCRA's three-year statute of limitations. Specifically, Ward argues that MDOC did not inform him that he was ineligible for early release until some "uncertain date in 2017," that we should *assume* that the "uncertain date" was December 31, 2017, and, therefore, that the statute of limitations did not begin to run until December 31, 2017. Ward further argues that the statute of limitations should have been suspended from March 13, 2020, until May 20, 2021, based on the Supreme Court's *Emergency Administrative Order*, No. 2020-AD-00001-SCT, at 2 (¶8) (Miss. Mar. 13, 2020), which authorized trial courts "to exercise their sound discretion in extending deadlines" due to the COVID-19 pandemic.

¶16. This argument is also without merit. The UPCCRA's statute of limitations began to run upon the "entry of [Ward's] judgment of conviction" after he pled guilty. Miss. Code

Ann. § 99-39-5(2). Therefore, the statute of limitations expired in February 2017. Moreover, Ward fails to explain how the COVID-19 pandemic prevented him from filing a PCR motion for fifteen months.

¶17. For the above reasons, the circuit court did not err by denying Ward's PCR motion as time-barred. Therefore, the judgment of the circuit court is **AFFIRMED**.

**BARNES, C.J., CARLTON, P.J., McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. EMFINGER, J., NOT PARTICIPATING.**